**UNITED STATES of America,
Appellant,**

v.

**Timothy J. TOOHEY, Defendant–
Appellee.**

**No. 03–1400.**

United States Court of Appeals,
Second Circuit.

Jan. 15, 2004.

William J. Gillmeister, Assistant United States Attorney (Michael A. Battle, United States Attorney, on the brief), Buffalo, NY, for Appellant.

James W. Grable, Jr. (Lawrence J. Vilardo, on the brief), Connors & Vilardo, LLP, Buffalo, NY, for Appellee.

Present: CABRANES, RAGGI, Circuit Judges and MUKASEY, District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **VACATED and REMANDED.**

Defendant-appellee pleaded guilty pursuant to a plea agreement to one count of making a willfully false statement of his total income on a 1994 federal tax return in violation of 26 U.S.C. § 7206(1). Defendant acknowledged in the plea agreement that his United States Sentencing Guidelines sentencing range consisted principally of 15 to 21 months' imprisonment.

---

* The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

The plea agreement further barred both the defendant and the Government from moving for upward or downward departures or adjustments in sentencing, with the sole exception that defendant reserved the right to move for a departure on the ground that his imprisonment would "have an extraordinary impact on his business, and consequently, on its employees and clients." At sentencing, defendant filed a motion on that basis, requesting a downward departure of six levels to a sentence that did not include imprisonment; the Government opposed the motion.

At sentencing on May 19, 2003, the District Court departed downward six levels, requiring the defendant to serve two years of probation and to pay a $20,000 fine. Asked by defense counsel whether the downward departure signified that the Court had adopted the argument urged by the defense's motion for downward departure, the Court explicitly rejected the argument that the "impact upon Mr. Toohey's employees and clients" justified a downward departure. Instead, it referred (though not by name) to another case, in which "another lawyer ... did, in [the Judge's] mind, much crasser work vis-a-vis the income tax laws than did [defendant]," and in which the Court "did not put [the defendant] in jail."

On appeal, the Government challenges the Court's downward departure in sentencing on the grounds that (1) the downward departure was granted without the notice required by Federal Rule of Criminal Procedure 32(h)[1] and *Burns v. United States*, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991); (2) the departure

lacked the written statement of explanation required by 18 U.S.C. § 3553(c); (3) it is legal error to depart from the sentencing range identified by the Sentencing Guidelines to match a sentence in an unrelated case; and (4) the extent of the departure was unreasonable.

The Sentencing Guidelines provide that sentencing courts may grant "downward departures" from the penalty normally imposed by the Guidelines in some circumstances, but discretion in this area is circumscribed. Among other procedural and substantive requirements, the District Court must notify the parties before sentencing that it is considering a departure, *see* Fed. R.Crim. Proc. 32(h); *Burns,* 501 U.S. at 135–36 & n. 4, and the Court's "specific reason" for departing from the otherwise appropriate sentence must be articulated "in open court," "at the time of sentencing," 18 U.S.C. § 3553(c); *see United States v. Cervantes,* 878 F.2d 50, 54 (2d Cir.1989), as well as "with specificity in the written order of judgment and commitment," 18 U.S.C. § 3553(c)(2). Without such notice and explanation, reviewing courts are unable to assess whether the district court abused its discretion in departing from the sentence otherwise appropriate under the Guidelines. *See, e.g., United States v. Evans,* 352 F.3d 65, 71 (2d Cir.2003); *United States v. Thorn,* 317 F.3d 107, 131 (2d Cir.), *cert. denied* —— U.S. ——, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003).

We conclude that the District Court's decision to depart downward in this case lacked the explanation required by 18

---

1. Federal Rule of Criminal Procedure 32(h) provides:

    Before the Court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's pre-hearing

    submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

U.S.C. § 3553(c).[2] The District Court did refer at the sentencing to an unnamed case involving a defendant who was said to be more culpable than Toohey, and who received a non-custodial sentence, although the Court did not identify that case or defendant by name. The District Court's statements did not constitute a "specific reason for the imposition of a sentence different from that described [in the guidelines issued by the Sentencing Commission]" sufficient to satisfy 18 U.S.C. § 3553(c)(2). However, we point out also that awarding a departure based merely on a perceived disparity between the Guidelines sentence prescribed in the case at bar and the sentence imposed on one other defendant would "create[ ] a new and entirely unwarranted disparity between the defendant's sentence and that of all similarly situated defendants throughout the country." *United States v. Joyner,* 924 F.2d 454, 460–61 (2d Cir.1991).

Moreover, the District Court's order of judgment and conviction, which, according to § 3553(c)(2), must also state the reason for departure "with specificity," *see id.,* made no mention of any particular reason for departure. Instead, it merely cited U.S.S.G. § 5K2.0, which generally authorizes downward departures. We have specifically held that such a citation, without more, is not sufficient to satisfy § 3553(c)(2). *See Evans,* 352 F.3d at 72.

Nor did the District Court's subsequent order, entered May 29, 2003 in response to a letter from the Government pointing out the written judgment's deficiency under § 3553(c)(2), cure the original written judgment's lack of specificity, insofar as it merely reproduced that portion of the transcript of the sentencing hearing in which the District Court made vague reference to an unnamed case.

Accordingly, we hold that the downward departure was granted in violation of the United States Sentencing Guidelines for the second reason the Government raises on appeal.[3] Moreover, this violation of the Sentencing Guidelines was not harmless, because it resulted in the imposition of a substantially shorter sentence for the defendant than the Guidelines otherwise prescribed. *See United States v. Tropiano,* 50 F.3d 157, 162 (2d Cir.1995) (citing *Williams v. United States,* 503 U.S. 193, 201–05, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992)). In these circumstances, the sentence must be vacated, and the cause remanded for re-sentencing in accordance with the applicable Guidelines. *See Thorn,* 317 F.3d at 131 (citing *Tropiano,* 50 F.3d at 162 ("We will vacate a sentence and remand for resentencing if the district court fails to follow the procedures for making such a departure.")).

For the foregoing reasons, the sentence imposed by the District Court is **VACAT-**

**2.** Because we vacate the sentence and remand for violation of 18 U.S.C. § 3553(c)(2), we do not reach the question whether the government forfeited its notice argument by failing to raise it before the District Court. We note merely that, upon remand, the District Court is bound to give notice of any ground upon which it contemplates granting a downward departure, pursuant to Fed. R.Crim. Proc. 32(h).

**3.** We need not reach the question of notice, which the Government also argued on appeal, because the District Court's failure to provide explanation is sufficient to vacate the sentence and remand for re-sentencing. Moreover, because the District Court did not articulate its justification for departing with the specificity required by the Guidelines, we cannot reach the third and fourth arguments urged by the Government, which seek review of the District Court's apparent justification for departure.

ED, and the cause is **REMANDED** for re-sentencing.