**UNITED STATES of America,**
**Appellant,**

v.

**Timothy J. TOOHEY, Defendant–**
**Appellee.**

No. 04–4565.

United States Court of Appeals,
Second Circuit.

May 23, 2005.

William J. Gillmeister, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, New York, for Appellant.

Lawrence J. Vilardo, (James W. Grable, Jr., on the brief), Connors & Vilardo, LLP, Buffalo, New York, for Appellee.

Present: RAGGI, WESLEY, and CUDAHY,[1] Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED AND DECREED that the amended judgment of the district court dated July 9, 2004, and entered on the docket on July 16, 2004, is hereby REMANDED for vacatur as to sentence and resentencing consistent with this order.

Defendant Timothy J. Toohey was convicted on a plea of guilty to making a willful false statement as to income on a 1994 federal tax return in violation of 26 U.S.C. § 7206(1). He was initially sen-

---

1. The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

tenced principally to two years' probation, a downward departure from his Sentencing Guidelines range of 15–21 months' incarceration. By summary order dated January 15, 2004, this court vacated and remanded Toohey's sentence on the ground that the district court's departure decision "lacked the [specific] explanation required by 18 U.S.C. § 3553(c)(2)." *United States v. Toohey,* 85 Fed.Appx. 263, 264–65 (2d Cir.2004) (unpublished opinion). To the extent the district court appeared to rely on the non-custodial sentence it had imposed in the case of another defendant whom it deemed more culpable than Toohey, we noted that the district court had not identified "that case or defendant by name." *Id.* at 265. In any event, we pointed out "that awarding a departure based merely on a perceived disparity between the Guidelines sentence prescribed in the case at bar and the sentence imposed on one other defendant would 'create[ ] a new and entirely unwarranted disparity between the defendant's sentence and that of all similarly situated defendants throughout the country.'" *Id.* (quoting *United States v. Joyner,* 924 F.2d 454, 460–61 (2d Cir.1991)).

On remand, the district court again imposed the same probationary sentence, supporting its departure decision by "citing the case of United States versus Joseph DiNardo, 97–CR–88E as showing the situation where the heinousness of the crime was much more gross than anything Mr. Toohey was involved in, and Mr. DiNardo was not put in prison." Sentencing Tr., July 9, 2004, at 26.[2] Once again, the government appeals, initially

arguing that neither established law nor this court's mandate permitted the district court to depart from the Sentencing Guidelines range by reference to a more lenient sentence imposed on an unrelated defendant. During the briefing period, the Supreme Court decided *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which, *inter alia,* excised 18 U.S.C. §§ 3553(b)(1) and 3742(e) from federal sentencing law, thereby transforming the Sentencing Guidelines from a mandatory to an advisory system, *see United States v. Booker,* 125 S.Ct. at 757, 764, and instructed that sentences be reviewed on appeal only for "reasonableness," *id.* at 766. Accordingly, in its reply brief, the government recasts its challenge, arguing that Toohey's sentence was unreasonable and failed to conform to 18 U.S.C. § 3553(c)(2). We agree in part and, accordingly, remand the case with instructions to vacate the sentence and resentence consistent with this order and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621.

■ Under the advisory Guidelines system recognized in *Booker,* the reasonableness of a sentence will depend, in large part, on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a). *See United States v. Booker,* 125 S.Ct. at 766 (noting that § 3553(a) factors "will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable"). These include the applicable Guidelines range as well as any pertinent policy statements issued by the Sentencing Commission. *See* 18 U.S.C.

---

**2.** In the amended judgment of conviction, the district court referenced by number paragraphs in DiNardo's Presentence Report that presumably support its conclusion that his conduct was more egregious than Toohey's.

Because neither party sought to have that document made part of the record in this case, it is not available for our review on this appeal.

§ 3553(a)(4)-(5); *see generally United States v. Crosby*, 397 F.3d 103, 111–13 (2d Cir.2005) (noting that, even under an advisory Guidelines system, district courts "will normally have to determine the applicable Guidelines range ... in the same manner as before *Booker*," in order to decide whether "(i) to impose the sentence that would have been imposed under the Guidelines, *i.e.*, a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence"). Further, because *Booker* did not excise § 3553(c) from federal sentencing law, a district court that does not sentence within the applicable Guidelines range must still provide a "specific" statement of reasons for its decision, both orally at the time of sentencing and in writing on the judgment of conviction. 18 U.S.C. § 3553(c)(2).

In identifying its "specific reason" for departure in Toohey's case, the district court referenced the more lenient sentence received by an unrelated defendant. The reference is defective for several reasons. First, it lacks the specificity necessary to permit appellate review even under the more deferential reasonableness standard identified in *Booker*. Although the district court has now identified by defendant name and docket number the case to which it compared Toohey's, it only conclusorily observed that Toohey's conduct was less egregious than that in the other case. This, by itself, is inadequate to satisfy the statutory requirement for a "specific reason." Nor can a court satisfy its statutory obligation by referencing the paragraph numbers of a document that is not a matter of public record and was apparently not made available to the parties—even under seal—in this case. Indeed, under such circumstances, an appellate court is left with no ability to determine whether the court's decision to sentence outside the Guidelines range can fairly be deemed reasonable.

■ The need for specificity is particularly important in this case to ensure that the court's sentence did, in fact, eliminate rather than create an unwarranted disparity in sentencing. Title 18 U.S.C. § 3553(a)(6) statutorily obligates a federal sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." As we observed in *United States v. Joyner*, 924 F.2d at 460–61, the unwarranted disparities that informed this statutory concern were not those between any two discrete cases or even between two defendants in the same case. Rather, Congress's "objective was to eliminate unwarranted disparities nationwide." *Id.* at 460. *Joyner* recognized that "[t]he method chosen by Congress to avoid unwarranted disparities is a guideline system that prescribes appropriate sentencing ranges for various combinations of facts concerning an offense and an offender and permits a sentencing judge to depart from the recommended range in unusual circumstances." *Id.* Although *Booker* now requires us to substitute the word "recommends" for "prescribes" in the quoted observation, in all other respects, *Joyner's* construction of the role the Guidelines play in § 3553(a)(6) consideration remains the same. *See United States v. Booker*, 125 S.Ct. at 761, 767 (emphasizing the continued importance of the Guidelines to avoiding unwarranted sentencing disparities). Thus, a sentencing court does not reasonably satisfy its statutory obligation under § 3553(a)(6) when it only compares discrete cases or defendants. Rather, to identify a reasonable sentence,

§ 3553(a)(6) expects a court to consider whether a defendant is favored or disfavored by a particular sentence "compared to *all* those similarly situated defendants." *United States v. Joyner,* 924 F.2d at 461 (emphasis added).[3]

In sum, because the district court did not properly satisfy its statutory obligations (1) under § 3553(a)(6) to consider sentencing disparity by reference to similarly situated defendants nationwide, and (2) under § 3553(c)(2) to state its reason for not sentencing within the Guidelines range with sufficient specificity to permit us to review the reasonableness of the sentence chosen, we are obliged, once again, to remand with instructions to vacate the sentence and resentence consistent with this opinion and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621.[4]

---

3. Our attention to § 3553(a)(6) is not meant to suggest that provision should dominate the district court's sentencing analysis. On the contrary, the Sentencing Reform Act "requires judges" to consider the factors listed in all seven subparts of § 3553(a). *United States v. Booker,* 125 S.Ct. at 764–65. We focus on § 3553(a)(6) here because the district court based its Guidelines departure solely on the ground of sentencing disparity. On remand, the court should consider all § 3553(a) factors in deciding whether to impose a Guidelines or non-Guidelines sentence. *See United States v. Crosby,* 397 F.3d at 113.

4. Because the government brought this appeal, the case is not subject to the remand procedure outlined in *United States v. Crosby,* 397 F.3d at 117–18. Accordingly, we remand with instructions to vacate the original sentence and resentence.

