UNITED STATES of America,
Appellee,

v,

Timothy J. TOOHEY, Defendant–
Appellant.

Docket No. 05–4688–CR.

United States Court of Appeals,
Second Circuit.

Argued: May 10, 2006.

Decided: May 17, 2006.

Margaret A. Murphy (Cheryl Meyers Buth, Rosenthal, Siegel, Muenkel & Meyer, LLP, on the brief), Buffalo, NY, for Defendant–Appellant.

William J. Gillmeister, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

Before: WINTER, CABRANES, and RAGGI, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

We consider here the third appeal of a sentence imposed in the captioned case. On February 11, 2003, defendant-appellant Timothy J. Toohey pleaded guilty to one count of making a willful false statement as to income on a 1994 federal tax return in violation of 26 U.S.C. § 7206(1). The United States District Court for the Western District of New York (John T. Elfvin, *Judge*) initially sentenced Toohey princi-

pally to two year's probation based on a downward departure from the then-mandatory Sentencing Guidelines range of 15–21 months' incarceration. By summary order dated January 15, 2004, this Court vacated and remanded Toohey's sentence on the ground, *inter alia,* that the District Court's departure decision "lacked the [specific] explanation required by 18 U.S.C. § 3553(c)." *United States v. Toohey,* 85 Fed.Appx. 263, 264–65 (2d Cir. 2004) (unpublished opinion).

On remand, the District Court imposed the same probationary sentence, supporting its departure decision by "citing the case of United States versus Joseph DiNardo, 97–CR–88E"—another sentencing proceeding conducted before Judge Elfvin—"as showing [a] situation where the heinousness of the crime was much more gross than anything Mr. Toohey was involved in, and Mr. DiNardo was not put in prison." Sentencing Tr., July 9, 2004, at 26. By summary order dated May 23, 2005, we again vacated and remanded for resentencing, holding that the District Court's sentence "lack[ed] the specificity necessary to permit appellate review even under the more deferential reasonableness standard identified" by the Supreme Court in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), inasmuch as the District Court's analysis was "conclusor[y]" and relied on a presentence report that was "not a matter of public record and was apparently not made available to the parties—even under seal— in this case." *United States v. Toohey,* 132 Fed.Appx. 883, 886 (2d Cir.2005) (unpublished opinion). We further noted that the District Court had erred in granting a Guidelines departure on the basis of an unwarranted sentencing disparity, stating that the Court had "only compar[ed] discrete cases or defendants," rather than "consider[ing] sentencing disparity by reference to similarly situated defendants na-

tionwide." *Id.* at 886–87. Citing *Booker* and our decision in *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005), we directed the District Court on remand to "consider all" of the factors listed in 18 U.S.C. § 3553(a) "in deciding whether to impose a Guidelines or non-Guidelines sentence." *Toohey,* 132 Fed.Appx. at 887 n. 3.

In a hearing conducted on August 5, 2005, Judge Elfvin heard arguments from the parties and then announced his sentence, in its entirety, as follows:

Well, I paid serious attention to the [a]ppellate[ ] [court's] decision, and on that basis I am going to impose a period of incarceration. It will be fifteen months, Mr. Toohey, and then you'll be on supervised release for one year. They will be testing you to see if you're over using alcohol; treating you if you are. I'm not going to impose any monetary fine, except there's a special assessment of one hundred dollars, and I wish you the best.

Sentencing Tr., Aug. 5, 2005, at 4–5. Toohey filed a motion to correct the sentence under Fed.R.Crim.P. 35(a), and an additional hearing then was held on August 15, 2005. At the hearing, Toohey's counsel suggested that the District Court had "erroneously read the Second Circuit's decision as requiring a sentence of incarceration," Sentencing Tr., Aug. 15, 2005, at 3, and argued that a non-Guidelines sentence of probation was warranted. *See id.* at 5 ("The court explicitly, Judge, gave you the option of imposing a non-guideline sentence, and it simply said that you should consider all the factors and give reasons. That means that this Court had more discretion, not less discretion, to impose a sentence of probation the third time around."). The District Court, however, declined to alter the fifteen-month sentence, which was at the bottom end of the advisory Guidelines range, stating that the

prior sentences of probation, which had been vacated by this Court, had been the product of personal sympathy towards Toohey:

Those first two sentences really go back to a lot of the relationship that you and I had when I was practicing law. You were a great friend, a good guy, and you bent over backwards, and I apologize to the prosecution. I really bent over backwards on your behalf in that regard. That explains those two sentences.

*Id.* at 14; *see also id.* at 17 ("We had an attorney-to-attorney relationship. He was a great guy, is a great guy."); *id.* at 22 ("I was mistaken originally, and I have corrected that. The sentence will stand, and Mr. Toohey knows he has my entire sympathy, and I will be happy to hear from him at any time in the future."); *id.* at 23 ("It hurts me as much as it does you, Tim."). When asked why he had not imposed a non-incarceratory sentence, Judge Elfvin responded, "S.G., sentencing guidelines. I follow them. I don't—I don't abuse them." *Id.* at 15. At the end of the hearing, however, the District Court eliminated Toohey's one-year term of supervised release, which the Court had imposed during the August 5, 2005 proceedings, apparently in order to account for the two years of probation that Toohey already had served while the prior appeals in this case were pending. *Id.* at 22–23.

On appeal, Toohey argues that the District Court failed to (1) give adequate consideration to the factors listed in 18 U.S.C. § 3553(a) in deciding whether to impose a Guidelines or a non-Guidelines sentence on remand, *see* Def.'s Br. at 19–20; (2) "articulate in open court and in writing the specific reasons for imposing a sentence of incarceration and renouncing its previous sentence of probation," *id.* at 17, which allegedly resulted, according to Toohey, in

an unjustified "enhanc[ement]" of his sentence, *id.* at 20; and (3) give "sufficient[ ] credit[ ]" for the time Toohey already had served on probation, thus running afoul of the principles articulated by our Court in *United States v. Carpenter,* 320 F.3d 334 (2d Cir.2003), *see* Def.'s Br. at 20, 33.

 We need only address the first argument listed above in order to resolve this appeal. We have emphasized before that "no robotic incantations are required to prove the fact of consideration, and we will not conclude that a district judge shirked [his] obligation to consider the § 3553(a) factors simply because [he] did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) (internal quotation marks and citations omitted). Nevertheless, where the record indicates misunderstanding by a district court as to the statutory requirements and the sentencing range or ranges that are arguably applicable, or misperception about their relevance, we may conclude that the requisite consideration has not occurred. *Cf. id.* at 30 ("[W]e presume, *in the absence of record evidence suggesting otherwise,* that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors.") (emphasis added); *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005) ("As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, *and nothing in the record indicates misunderstanding about such materials or misperception about their relevance,* we will accept that the requisite consideration has occurred.") (emphasis added).

In this case, the District Court appears to have rested its sentencing decision on three grounds: (1) the analysis contained in our summary order of May 23, 2005, *see* Sentencing Tr., Aug. 5, 2005, at 4–5 ("I paid serious attention to the [a]ppellate[ ] [court's] decision, and *on that basis* I am going to impose a period of incarceration.") (emphasis added); (2) the Court's need to "correct[ ]" its prior "mistake[ ]" in sentencing Toohey to probation on the basis of personal sympathy, *see* Sentencing Tr., Aug. 15, 2005, at 22; and (3) the Court's desire not to "abuse" the Sentencing Guidelines, *id.* at 15.

 These reasons, under the facts presented, do not reflect an adequate consideration, either implicitly or explicitly, of the factors listed in § 3553(a). Most significantly, our May 2005 summary order in this case did not mandate a particular outcome on remand, but instead required that a resentencing be conducted in which the District Court was to "consider all [of the] § 3553(a) factors in deciding whether to impose a Guidelines *or non-Guidelines* sentence." *Toohey,* 132 Fed.Appx. at 887 n. 3 (emphasis added). Accordingly, the District Court's selection of a *particular* sentence on remand could not have rested with any specificity "on th[e] basis" of our prior summary order. Second, the "correct[ion]" of the District Court's prior "mistake[ ]" in sentencing Toohey to probation on the basis of personal sympathy could not itself have provided a basis for reaching a particular sentence on remand, whether under the Guidelines or through the imposition of a non-Guidelines sentence. Finally, although the District Court's statement that it would not "abuse" the Guidelines may in some sense be taken to reflect an appropriate recognition of the continuing relevance of the Guidelines after *Booker, see Crosby,* 397 F.3d at 113 ("*Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentenc-

ing judge."), in the context of this case, such a statement may also fairly be read to suggest that the Court felt compelled to reach a particular outcome based on the combined impact of the Guidelines and our May 2005 summary order. Under such circumstances, remand is warranted. *See Crosby,* 397 F.3d at 115 ("Even if reasonable as to length, a sentence unreasonable for legal error in the method of its selection is cause for concern because, in many cases, it will be impossible to tell whether the judge would have imposed the same sentence had the judge not felt compelled to impose a Guidelines sentence."); *United States v. Thorpe,* 191 F.3d 339, 342 (2d Cir.1999) (stating that it may be "prudent to remand for clarification" where "the judge's sentencing remarks create ambiguity as to whether the judge correctly understood an available option") (internal quotation marks omitted).

█ Although we ordinarily remand for resentencing to the same district judge who conducted the initial sentencing proceedings, *see United States v. Robin,* 553 F.2d 8, 9 & n. 1 (2d Cir.1977) (en banc), due to the circumstances presented in this case, we conclude that it is necessary that the matter be reassigned on remand to another district judge for resentencing. At the third, and most recent, sentencing proceedings conducted in this case, Judge Elfvin candidly acknowledged that a past professional relationship and friendship with Toohey had directly influenced both of his earlier decisions—which we ordered vacated on appeal—sentencing Toohey to a two-year term of probation. *See* Sentencing Tr., Aug. 15, 2005, at 14 ("Those first two sentences really go back to a lot of the relationship that you and I had when I was practicing law. You were a great friend, a

good guy .... I really bent over backwards on your behalf in that regard. That explains those two sentences."); *id.* at 17 ("We had an attorney-to-attorney relationship. He was a great guy, is a great guy."). Unlike a case in which an alleged conflict "involve[d] remote, contingent, indirect or speculative interests," *see United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir.1992), Judge Elfvin here acknowledged both an unambiguous bias in Toohey's favor and its improper influence on his past rulings. Such a conflict mandates reassignment. *See Robin,* 553 F.2d at 10 (observing that "proof of personal bias requir[es] recusa[l]"); *see also Cheney v. U.S. Dist. Ct.,* 541 U.S. 913, 916, 124 S.Ct. 1391, 158 L.Ed.2d 225 (2004) (Scalia, J.) (in chambers) (noting that "friendship is a ground for recusal ... where the personal fortune or the personal freedom of the friend is at issue"); *Liteky v. United States,* 510 U.S. 540, 554–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (stating that judicial bias stemming from an extrajudicial source unrelated to the proceeding at hand is a "significant" and "often determinative" factor in favor of recusal).

█ On remand, the newly assigned judge "must become fully familiar with the prior proceedings" and the record developed in this case, *see United States v. Garcia,* 413 F.3d 201, 230 (2d Cir.2005), and he should permit the parties to supplement the record as appropriate and allow Toohey to appear before the Court. At the resentencing, the District Court should first calculate the relevant Guidelines range, including any applicable departures under the Guidelines system.[1] The Dis-

---

1. We note that our May 2005 summary order in this case, as well as our decision in *United States v. Joyner,* 924 F.2d 454 (2d Cir.1991), only addressed whether an "unwarranted"

sentencing disparity "between any two discrete cases or even between two defendants in the same case," *see Toohey,* 132 Fed.Appx. at 886, could serve as a valid ground for a

trict Court then should "consider the Guidelines and all of the other factors listed in section 3553(a)" in order to determine "whether (i) to impose the sentence that would have been imposed under the Guidelines, *i.e.* a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence." [2] *Crosby,* 397 F.3d at 113. In conducting this inquiry, "the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence." *Id.*

\*　　\*　　\*　　\*　　\*　　\*

For the foregoing reasons, the judgment of the District Court is hereby VACATED and the cause is REMANDED for resentencing consistent with this opinion. We direct that on remand, the case shall be REASSIGNED to another district judge sitting in the United States District Court for the

Guidelines *departure,* rather than as part of a *non-Guidelines* sentence. *See Toohey,* 132 Fed.Appx. at 887 n. 3 ("We focus on § 3553(a)(6) here because the district court based its Guidelines *departure* solely on the ground of sentencing disparity.") (emphasis added); *Joyner,* 924 F.2d at 460 ("To reduce [a] sentence by a *departure* because the judge believes that the applicable range punishes the defendant too severely compared to a co-defendant creates a new and entirely unwarranted disparity between the defendant's sentence and that of all similarly situated defendants throughout the country.") (emphasis added).

Recently, in *United States v. Fernandez,* 443 F.3d 19 (2d Cir.2006), we observed that "there is disagreement over whether § 3553(a)(6) may support a non-Guidelines sentence for the purpose of preventing a disparity between sentences imposed on co-defendants," but we "le[ft] resolution of that issue for another day" because the defendants there were not "similarly situated" within the meaning of the statute. *Id.* at 31 n. 9. We

Western District of New York. The mandate shall issue forthwith.

need not, however, resolve this issue here because the particular inter-case disparity relied on by Judge Elfvin—namely, the alleged disparity resulting from the sentence imposed in *United States v. DiNardo, see Toohey,* 132 Fed.Appx. at 885—would not support either a Guidelines departure or a non-Guidelines sentence in this case, inasmuch as the pre-*Booker* sentence in *DiNardo* was imposed nearly a decade ago and involved case-specific circumstances that could not be reconstructed in any meaningful manner by a newly assigned district judge on remand.

2. As part of this resentencing, the District Court should ensure that Toohey is provided appropriate "credit" for any sentence he has already served—in particular, the two years' probation initially imposed by Judge Elfvin—consistent with the principles articulated by our Court in *United States v. Carpenter,* 320 F.3d 334, 344–46 (2d Cir.2003), and any other applicable precedents that are brought to the Court's attention, regardless of whether the Court ultimately imposes a Guidelines or a non-Guidelines sentence.