23-6330-cr
*United States v. Stewart*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of July, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> > *Circuit Judges*,
> JANE A. RESTANI,
> > *Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    23-6330-cr

DARREN CHARLES STEWART,

> *Defendant-Appellant*.

---

FOR APPELLEE:                        Tara B. McGrath, Assistant United States Attorney (Nicholas J. Moscow, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

FOR DEFENDANT-APPELLANT:                Michelle A. Barth, Law Office of Michelle A. Barth, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz II, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on March 22, 2023, is **VACATED** and the case is **REMANDED** for resentencing.

Defendant-Appellant Darren Charles Stewart appeals the district court's judgment following his guilty plea to six counts of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Stewart principally to 156 months' imprisonment, which was within the applicable advisory range of 151 to 188 months' imprisonment under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), to be followed by five years' supervised release. On appeal, Stewart challenges the sentence, arguing that: (1) the district court procedurally erred by relying on avoiding unwarranted sentencing disparities without any explanation and by relying on an unsubstantiated statement by Stewart in an online chat to find that he sexually abused his nephew; (2) defense counsel rendered ineffective assistance at sentencing by failing to object to the inclusion of the unsubstantiated statement in the Pre-Sentence Report ("PSR") and the district court's reliance on it; (3) the sentence is substantively unreasonable; and (4) the district court erred in denying Stewart's motion for recusal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to vacate and remand.

"We review sentencing decisions for procedural and substantive reasonableness," *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019), applying "a deferential abuse-of-discretion

2

standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). However, where, as here, the defendant raises a challenge for the first time on appeal that could have been raised below, we review that challenged sentence for plain error.[1] *See United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023).

In reviewing a sentence for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as . . . failing to consider the [18 U.S.C. § 3553(a)] factors . . . or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also Cavera*, 550 F.3d at 190. We afford broad discretion to the district court in its consideration of the sentencing factors so long as the factors it considers "are not inconsistent with those listed in § 3553(a) and are logically applied to the defendant's circumstances." *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007) (internal quotation marks and citation omitted), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). As set forth below, we conclude that the district court plainly erred by failing to provide an explanation as to why it concluded that the 156-month sentence for Stewart's offenses, rather than a lower sentence, was necessary to avoid unwarranted sentencing disparities.

Section 3553(a)(6) provides that a sentencing judge must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see also Kimbrough*, 552 U.S. at 108. The primary purpose of Section 3553(a)(6) is "to minimize nationwide disparities." *Wills*, 476 F.3d at 110.

---

[1] To show plain error, Stewart must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted) (internal quotation marks and citation omitted).

At sentencing, Stewart argued, *inter alia*, that "the advisory guideline range in this case [of 151 to 188 months' imprisonment] is far greater than necessary to satisfy the goals of sentencing." App'x at 137. In particular, he emphasized that "[t]he harsh sentencing recommendations of U.S.S.G. § 2G2.2 are not based on past practice or empirical data and ha[ve] been under scrutiny by the Second Circuit for over a decade." App'x at 137 (citing *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010); *United States v. Tutty*, 612 F.3d 128 (2d Cir. 2010)). In *Dorvee*, we noted the "serious flaws" in the child pornography enhancements in Section 2G2.2, describing those provisions as "fundamentally different from most" Guidelines, and "unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires." 616 F.3d at 182, 184; *see also Tutty*, 612 F.3d at 133 ("[T]he district court should . . . bear in mind that the eccentric child pornography Guidelines, with their highly unusual provenance, can easily generate unreasonable results if they are not carefully applied." (internal quotation marks and citation omitted)).

In rejecting Stewart's argument and imposing its Guideline sentence, the district court relied, in part, on the need to avoid unwarranted sentencing disparities, explaining in cursory fashion:

> The sixth 3553(a) factor requires the Court to consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, 3553(a)(6). For this reason and considering the other 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

App'x at 211–12. That sparse reasoning does not allow us to conduct meaningful review of the district court's exercise of its discretion with respect to this sentencing factor. *See Cavera*, 550 F.3d at 193 ("We cannot uphold a discretionary decision unless we have confidence that the district court exercised its discretion and did so on the basis of reasons that survive our limited review.

4

Without a sufficient explanation of how the court below reached the result it did, appellate review of the reasonableness of that judgment may well be impossible.").

Moreover, the parties' sentencing submissions shed no additional light on the district court's reasoning with respect to that factor. Importantly, although the government argued for a sentence within the Guidelines range, it did not argue, in its written submission or orally at sentencing, that a below-Guidelines sentence would result in any type of nationwide sentencing disparity under Section 3553(a)(6), and there is no statistical information in the sentencing record as to the average sentence nationwide for defendants similarly situated to Stewart. Indeed, on appeal, Stewart references nationwide data compiled by the United States Sentencing Commission indicating that the average sentence of imprisonment for defendants in Criminal History Category I for child pornography offenses under Guidelines Section 2G2.2 is 98 months. *See* U.S. Sent'g Comm'n, Interactive Data Analyzer, Sentencing Outcomes, Sentence Length, Average and Median Imprisonment Length, https://ida.ussc.gov/analytics/saw.dll?Dashboard (filtering for Fiscal Year 2022, Crime Type Child Pornography, Primary Guideline § 2G2.2, and Criminal History Category I) (last visited July 8, 2024). Based on this data (which the government has not controverted on appeal), Stewart's 156-month sentence appears to be far higher than the national average for child pornography offenders sentenced under Section 2G2.2, in Criminal History Category I. In short, the district court procedurally erred by not providing any reasoning to support its assertion that a non-Guidelines sentence would result in unwarranted sentencing disparities, and because nationwide sentencing data may contradict that conclusory assertion, we are unable to discern how this particular factor "logically applied to the defendant's circumstances," such that it could support the district court's Guidelines sentence. *Wills*, 476 F.3d at 110; *see also Cavera*, 550 F.3d at 193; *United States v. Toohey*, 132 F. App'x 883, 886 (2d Cir. 2005) (summary order) ("The need

for specificity is particularly important in this case to ensure that the court's sentence did, in fact, eliminate rather than create an unwarranted disparity in sentencing.").

We have previously emphasized that "[w]here we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, to be sure, the district court referenced other Section 3553(a) factors in explaining its reasoning in arriving at the 156-month sentence. However, notwithstanding the district court's other stated reasons for its sentence, we cannot conclude that this procedural error was harmless under the circumstances. From our vantage point, it is far from clear that the district court would impose the same sentence on remand if Stewart were to demonstrate that his 156-month sentence exceeds the national average for similarly situated offenders by five years or more, especially in light of his related arguments regarding our prior cases cautioning district courts to apply Section 2G2.2 "with great care." *Dorvee*, 616 F.3d at 184. Thus, we conclude that remand for resentencing is warranted on this ground.

Stewart also argues that the district court committed procedural error when it:

adopted as fact that [he] sexually abused his nephew when, in fact, [he] simply made statements to that effect [during an online chat] and subsequent investigation [by law enforcement] was unable to substantiate that [he] actually sexually abused his nephew or any other minor, such statements amounted to mere boasting, and undisputed expert opinion found that [he] was not a pedophile.

Appellant's Br. at 23–24. Stewart further contends that his counsel at sentencing was ineffective for not objecting to this unsubstantiated statement about his nephew in the PSR, as well as failing to object to the district court's reliance on that online statement for its truth in arriving at its sentence. However, because we vacate and remand for resentencing, we need not address this separate procedural challenge or the alleged ineffective assistance of counsel claim arising

6

therefrom. At the resentencing, Stewart and his counsel can object to any consideration of that statement in the PSR to support an inference that he sexually abused his nephew. If, on remand, the district court intends to rely upon that statement, it will be required to determine whether the government has proven that fact by a preponderance of the evidence, after giving Stewart an opportunity to rebut the evidence offered by the government on this issue. *See United States v. Berndt*, 127 F.3d 251, 257 (2d Cir. 1997).

Because we remand the case for resentencing on procedural grounds, we likewise need not address Stewart's contention that his sentence was substantively unreasonable. Therefore, in remanding for resentencing, "[w]e express no view as to the substantive reasonableness of the sentence imposed below, or on what sentence should be imposed on remand." *United States v. Moreno*, 821 F.3d 223, 230 n.7 (2d Cir. 2016).

Finally, Stewart argues that the district court erred in failing to recuse itself after expressing its concerns, during a status conference on November 16, 2021, about defense counsel's decision to forgo COVID-19 vaccination. We review the district court's denial of Stewart's recusal motion for abuse of discretion. *See United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008). As the Supreme Court has explained,

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). "Thus, judicial remarks during the course of a [proceeding] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.*

Stewart's argument that the district court failed to provide its reasons for denying the recusal motion lacks merit. Although the district court denied Stewart's motion by docket entry,

7

it provided its reasoning orally on the record at the scheduled court appearance the same day.  In particular, the district court explained that, when it asked about defense counsel's vaccination status, it was operating pursuant to the "administrative rules" in the district, which require the court to "ask[] parties who are in the well [of the courtroom] about their vaccination status" and allow fully vaccinated parties "the courtesy of removing their masks." App'x at 86.  The district court further explained that the questioning of attorneys and litigants regarding their vaccination status had "nothing to do with anyone's particular views or freedoms," emphasizing that it was "[n]othing personal.  Just business." *Id.*  To be sure, during its discussion with defense counsel on this issue at the status conference in November 2021, the district court expressed in strong terms its belief that defense counsel's reasons for not being vaccinated were "[r]idiculous." *Id.* at 33.  However, the district court's comments to defense counsel regarding his vaccination status did not exhibit an actual or perceived bias or lack of impartiality as to defense counsel or Stewart that would warrant recusal from this case. *See Liteky*, 510 U.S. at 555–56 ("*Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.").  In short, the district court did not abuse its discretion in denying Stewart's recusal motion.

<p style="text-align:center">*          *          *</p>

We have considered Stewart's remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the district court is **VACATED** and the case is **REMANDED** for resentencing.

<div style="margin-left:50%">
FOR THE COURT:
Catherine O'Hagan, Clerk of Court
</div>