**UNITED STATES of America,
Appellee–Cross–Appellant,**

v.

**Jeffrey EVANS, Ronald Wilson, also known as Big Ron, Edward Ingenito, also known as Buster, Joseph Scicchitano, also known as J.D., Carlos Wiggins, also known as Los, Jeff Bellamy, John Bryant, also known as J.B., Sherry Marie Boula, Omar T. Ferguson, Jamie Friel, James V. Hamilton, also known as Black, Gary Hanson, also known as Butch, Thomas Johnson, also known as T, Amos Keith, Kim Kohl, David Sharp, Earl Thomas, also known as Slim, Lorraine Benjamin, Scott Crandall, Susan Fisher,**

**Jeff Gayton, Jimmy Leon, also known as Jimmy Dale, Kevin Martinelli, Lamont Parks, also known as Otis, Terri Pearman, Michael Rhodes, also known as Micah, Demetrious Sayles, also known as Meechie, Defendants,**

**Donald Benjamin, Jr., also known as Ducky, Neal Benjamin, Defendants–Appellants–Cross–Appellees.**

Nos. 02–1260, 02–1270, 02–1291, 02–1293.

United States Court of Appeals,
Second Circuit.

Dec. 10, 2003.

Vincent E. Doyle III, Connors & Vilardo, LLP, Buffalo, NY, for Defendant–Appellant–Cross–Appellee Donald Benjamin, Jr.

John J. Lavin, Lavin & Kleiman, P.C., Buffalo, NY, for Defendant–Appellant–Cross–Appellee Neal Benjamin.

Thomas S. Duszkiewicz, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee–Cross–Appellant.

Present: McLAUGHLIN, CABRANES and SACK Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED in part, VACATED and REMANDED in part.

Defendants Donald Benjamin, Jr. ("Donald") and Neal Benjamin ("Neal") appeal from a judgment of conviction and sentences entered in the United States District Court for the Western District of New York (Elfvin, *J.*).

On December 17, 1999, after a jury trial, Donald and Neal, who are brothers, were convicted of drug possession and distribution as well as conspiracy to do the same. The evidence at trial established that Donald and Neal ran a drug distribution ring in and around Olean, New York.

On appeal, Donald and Neal raise a legion of objections, and they compound the confusion by incorporating one another's arguments into their respective appeals. We dispose of defendants' juror-related claim in an opinion also filed today and likewise we there address the Government's meritorious cross-appeal. The remainder of defendants' arguments we reject in this summary order.

### I. *Expert Documentation*

At trial, the Government called Elizabeth Murphy, a forensic chemist, to testify about her analysis of substances seized by investigators. During cross-examination, Murphy revealed that she possessed notes and computer instrument printouts that the defense had never seen. The district court granted defendants' request to see the file. A copy of the file was provided to them later that day.

Donald moved for a mistrial or, alternatively, for exclusion of Murphy's testimony. The district court denied both requests, but allowed the defense to hire its own expert to analyze the file. Nine days after receiving the file, the defense requested a two-week continuance for further analysis. This request was likewise denied.

Defendants argue that the district court abused its discretion and substantially prejudiced their trial. We disagree.

Although it may be debated whether Murphy's notes are Rule 16 "results or reports," the computer instrument printouts documenting the drug analysis clearly qualify as Rule 16 "results" relied on by the Government. *Cf. United States v. Iglesias*, 881 F.2d 1519, 1523 (9th Cir. 1989). As such, these documents should have been disclosed before trial.

The court made a reasonable effort to remedy the non-disclosure by granting an appropriate period in which to review the file, providing the opportunity to examine Murphy outside the jury's presence, giving permission to retain an expert, and allowing the defense to recall Murphy at a later date. There was no abuse of discretion, and we conclude that, in any event, there was no prejudice warranting reversal.

### II. *Evidentiary Rulings*

Neal claims that various evidentiary rulings in conjunction with improper prosecu-

torial questioning deprived him of a fair trial.

We have reviewed these contentions and find any error to have been harmless given the "overwhelming evidence of guilt." *United States v. Corey*, 566 F.2d 429, 432 (2d Cir.1977).

### III. *Jury Instructions*

Donald and Neal urge that the district court erred by: (1) failing to instruct the jury that drug quantity and type were elements of several offenses, in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) using a verdict sheet so ambiguous that it constituted a general verdict; (3) instructing the jury as to the elements of the 21 U.S.C. § 861 offense in a misleading manner; (4) failing to charge the jury concerning three separate conspiracies, rather than a single conspiracy; and (5) failing to instruct the jury not to consider defendants' criminal history during its deliberations.

Most of these claims lack merit, but even where an error was made, we can find no prejudice.

### IV. *Sentencing*

As discussed in greater depth in our accompanying opinion, Donald was sentenced to a total of thirty years' imprisonment—*i.e.,* ten years' on two counts, to be served consecutively, followed by another ten-year term on five counts to be served concurrently on each of the five counts.

Donald argues that the district court erred by: (1) failing to limit his sentence for the conspiracy count to five years given that the jury did not find the drug type or amount beyond a reasonable doubt; (2) miscalculating his sentence on the use-of-a-minor count because the underlying conviction was never identified; (3) miscalculating his offense level as 46; (4) erroneously sentencing him to three *consecutive*

terms of imprisonment; and (5) enhancing his Sentencing Guidelines range for drug amount, involvement of minors, and use of firearms.

We find no violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and no erroneous sentencing calculation except to the extent discussed in our accompanying opinion.

\*    \*    \*    \*    \*    \*

We have reviewed the remainder of defendants' claims and find them equally unavailing.

For the foregoing reasons (as well as those stated in our accompanying opinion), we AFFIRM defendants' convictions, but VACATE the sentences and REMAND for resentencing.