05-3677-cr
United States v. Benjamin

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2006

(Argued: February 8, 2007        Decided: September 27, 2007)

Docket Nos.  05-3677-cr(L), 05-4006-cr(XAP), 05-4009-cr(CON)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

         Appellee-Cross-Appellant,

                v.

GREG HIRLIMAN, JIMMY LEON, also known as JIMMY DALE, AMOS KEITH,
JEFFREY EVANS, RONALD WILSON, EDWARD INGENITO, also known as
BUSTER, JOSEPH SCICCHITANO, CARLOS WIGGINS, JEFF BELLAMY, JOHN
BRYANT, SHERRY MARIE BOULA, OMAR T. FERGUSON, JAMIE FRIEL, JAMES
V. HAMILTON, also known as BLACK, GARY HANSON, THOMAS JOHNSON,
also known as T, KIM KOHL, DAVID SHARP, EARL THOMAS, also known
as SLIM, LORRAINE BENJAMIN, SCOTT CRANDALL, SUSAN FISHER, KEVIN
MARTINELLI, LAMONT PARKS, TERRI PEARMAN, MICHAEL RHODES,
DEMETRIOUS SAYLES,

         Defendants,

DONALD BENJAMIN, JR., also known as DUCKY, NEAL BENJAMIN,

         Defendants-Appellants-Cross-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:  WINTER, WALKER, and SACK, Circuit Judges.

    Neal and Donald Benjamin appeal their sentences for various

drug-related offenses, entered in the United States District

Court for the Western District of New York (Elfvin, Judge).  The

government cross-appeals, arguing that Judge Elfvin failed BOTH

to give notice of his decision to depart from the Sentencing Guidelines and to provide any explanation of his decision to depart, as required by federal statute and by the order of this court in a previous appeal in this matter.  Because the district court once again did not explain its reasons for the sentences imposed, we vacate the sentences and remand with instructions that the case be assigned to a different judge for resentencing.

JAMES P. KENNEDY, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York, on the brief), Buffalo, New York, for Appellee-Cross-Appellant.

JOHN J. LAVIN, John J. Lavin, P.C., Buffalo, New York, for Defendant-Appellant-Cross-Appellee Neal Benjamin.

VINCENT E. DOYLE III, Connors & Vilardo, LLP, Buffalo, New York, for Defendant-Appellant-Cross-Appellee Donald Benjamin.

WINTER, Circuit Judge:

Neal and Donald Benjamin appeal their sentences imposed by Judge Elfvin for various drug related offenses.[1]  The government cross-appeals, arguing that the district judge violated 18 U.S.C. § 3553 and a direction of this court in a previous appeal of this matter, United States v. Evans, 352 F.3d 65 (2d Cir. 2003), by failing for a second time to give notice of his decision to deviate from the Sentencing Guidelines ("U.S.S.G.") and to provide an explanation for his non-Guidelines sentences.

Because we agree with the government, we vacate the sentences and remand with instructions that the case be assigned to a different judge for resentencing.

BACKGROUND

The relevant facts are exceedingly simple. Between 1994 and 1997, the Benjamin brothers ran a drug distribution ring in and around Olean, New York, along with dozens of co-conspirators. Id. at 67-68. "The ring dealt in marijuana, cocaine, and crack and employed numerous individuals, including several youngsters under age eighteen." Id. at 68.

The Presentence Investigation Reports ("PSR") recommended an offense level of 46 for each defendant and a criminal history category of VI, the highest possible level, yielding a range of life imprisonment under the U.S.S.G. Id. at 70. Because none of the individual offenses for which the Benjamins were convicted carried a life sentence, the PSRs invoked U.S.S.G. § 5G1.2(d), which provides that sentences shall be served consecutively up to the guidelines sentence. Thus, the PSRs recommended stacking Donald's sentences to achieve a 240-year sentence, and Neal's to produce a 40-year sentence. Id. at 70-71.

At sentencing, on April 12, 2002, the district judge accepted the calculations of the PSRs, but departed downwards from the Guidelines, sentencing Donald to three 10-year terms (for a total of 30 years) and Neal to 20 years. Id. The judge

3

provided no coherent explanations for these departures. With regard to Donald's sentence, the district judge said only "I must have downward departed . . . to get those three segments of ten years." Id. At 72. As to Neal's sentence, he said "I would have to assume that I have departed." Id.

The Benjamins and the government appealed. The Benjamins challenged both their convictions and their sentences, while the government argued, inter alia, in its cross-appeal that the district court committed error by not giving notice of a possible departure and by failing to articulate his reasons for departing. We rejected all of the Benjamins' arguments, in large part by summary order. United States v. Evans, 82 Fed.Appx. 726 (2d Cir. 2003). By way of a published accompanying opinion, the panel found that the district judge had "made no findings of fact or conclusions of law justifying [his] departures and thus [left] us at a total loss in reviewing defendants' sentences." Evans, 352 F.3d at 72. Accordingly, the panel vacated the sentences and remanded for resentencing "in accordance with 18 U.S.C. § 3553(c)(2) and Sentencing Guidelines 5K2.0[,]" and "direct[ed] the district court to provide clear notice to both parties of any contemplated departure." Id.

The district court again provided no notice of any intention to depart or otherwise deviate from the advisory Guidelines ranges prior to the resentencing hearings. At Donald's

resentencing, the court heard from the defense and the prosecution, and then announced, "I adhere to that sentence, 360 months imprisonment." D. Benjamin Resentencing Tr. at 23. When the prosecutor asked how the court had arrived at that sentence, the judge said "I'll write you a letter" and brought the hearing to a close. Id. at 24. Judge Elfvin provided no explanation of his sentence in his written judgment, other than to check boxes indicating that he "adopt[ed] the presentence report and the Guideline[s] application[] without change" but "did not apply the federal sentencing guidelines at all in this case and imposed a discretionary sentence."

A month later, Neal was resentenced. At the outset of the hearing, the defense attorney asked about the letter the district judge had promised to explain Donald's sentence. In response, the judge asked his courtroom deputy to "give [him] a note to remind [him] about that." N. Benjamin Resentencing Tr. at 3. According to the government, no such explanatory note has been received.

The district court again provided no advance notice of any intention to deviate from the Guidelines prior to Neal's resentencing. Evidently anticipating the judge's enigmatic behavior and fearing another overturning of the sentence, Neal's attorney came to the hearing with a proposed "notice" for the judge to read into the record. The "notice" was a brief summary

5

of several of the factors a sentencing judge is required to consider under § 3553, and read, in full:

> Notice is hereby given to the government and defendant, Neal Benjamin, that the Court intends to depart from the advisory guidelines sentence for the following reasons: The proposed sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to protect the public from further crimes of the defendant, to afford adequate deterrence to criminal conduct, and to avoid sentencing disparity.

Judge Elfvin duly read the "notice" into the record. Id. at 8. The prosecutor objected, suggesting that this did not constitute proper notice. After hearing from the defense and prosecution, the judge announced that "[t]he sentence I impose, Neal, is that you're going to be sentenced to a period of incarceration of 240 months, period," N. Benjamin Resentencing Tr. at 15, though he once again adopted the calculations of the PSR -- which provided for a 40-year sentence -- in his written judgment.

When, as before, the prosecutor pressed the court to explain this departure, defense counsel volunteered that the reasoning was contained in the notice read into the record. The district judge agreed with this suggestion, adding that he had "considered Neal's case along with his brother's, and everything together, for the long period of time that the case has been in front of me. I think everything is adequately on the record." N.

Benjamin Resentencing Tr. at 17.  In his written judgment, the judge stated that "[t]he Court imposed a non-guideline sentence pursuant to the factors set forth in 18 U.S.C. § 3553 as read into the record at sentencing."  Once again, both sides appealed.

DISCUSSION

Because of our disposition of the cross-appeal, the sentences must be vacated and the case remanded to another judge for yet another resentencing.  We therefore do not address the Benjamins' claims at this time.

Title 18 U.S.C. § 3553(c) requires a sentencing court to state the reasons for imposing a particular sentence.  It reads, in relevant part, that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."  18 U.S.C. § 3553(c).  If the sentence is outside the range described in the Sentencing Guidelines, the court must also provide "the specific reason for the imposition of a sentence different from that described [in the Guidelines], which reasons must also be stated with specificity in the written order of judgment . . . ."  Id. § 3553(c)(2).

While United States v. Booker, 543 U.S. 220 (2005), rendered the Sentencing Guidelines advisory rather than mandatory, it did not alter a sentencing judge's obligations under Section 3553(c).  "[T]he Supreme Court left unimpaired Section 3553(c), which

7

requires a district court to 'state in open court the reasons for its imposition of the particular sentence' and . . . state in writing 'with specificity' the reasons for imposing a sentence outside the calculated Guidelines range." United States v. Crosby, 397 F.3d 103, 116 (2d Cir. 2005) (quoting 18 U.S.C. § 3553(c)). A court's "failure to comply 'with the general provisions of § 3553(c) . . . regarding [the explanation of reasons for] departures from recommended sentencing ranges' constitutes 'plain error,' even when the length of the resulting sentence would otherwise be reasonable." United States v. Fuller, 426 F.3d 556, 565 (2d Cir. 2005) (quoting United States v. Lewis, 424 F.3d 239, 246 (2d Cir. 2005)).[2]

The plain fact is that, with regard to Donald, the district judge, although accepting the PSR calculations, once again failed to give notice of a possible deviation and provided no explanation whatsoever for his decision to impose a non-Guidelines sentence. When the prosecutor asked for an explanation, he simply replied "I'll write you a letter." D. Benjamin Resentencing Tr. at 24. Even if the judge had written the promised letter -- which he did not -- it would not have satisfied his obligation to "state in open court the reasons" for imposing the particular sentence. 18 U.S.C. § 3553(c). Nor did the district judge explain his decision in the written judgment, which simply stated that he "adopt[ed] the presentence report and

8

the Guideline[s] application[] without change" but "did not apply the federal sentencing guidelines at all in this case and imposed a discretionary sentence."  "Stating no reasons at all plainly falls short of the requirement to state reasons that is set forth in § 3553(c), no matter what the required level of specificity may be."  Lewis, 424 F.3d at 245 (internal quotation marks omitted).  As a result, Donald's sentence must be vacated.

Neal's sentencing was as perfunctory as Donald's.  It was not preceded by a notice of a possible deviation or accompanied by a statement of reasons, save for the reading -- without evident embarrassment -- of the defense-prepared "notice," which was provided at the hearing and was simply a statement of several of the factors in Section 3553(a).  Although once again accepting the PSR calculations, the judge then imposed a sentence 20 years below the Guidelines recommendation.  Quite apart from the fact that the "notice," written by defense counsel before the resentence was known, was hardly the product of the judge's own thinking, it made no attempt to explain how the individual Section 3553(a) factors applied to Neal's particular case and led to the sentence imposed.  As before, the district judge "made no findings of fact or conclusions of law justifying [his] departures and thus leaves us at a total loss in reviewing defendants' sentences."  Evans, 352 F.3d at 72.

The district judge's behavior compels us to order that the

9

case be assigned to a different judge on remand. In general, "reassignment to another judge may be advisable in order to avoid an exercise in futility (in which) the Court is merely marching up the hill only to march right down again." United States v. Robin, 553 F.2d 8, 11 (2d Cir. 1977) (en banc) (internal quotation marks omitted).

Reassignments because of the failure of the district judge to impose a proper sentence are uncommon, but it is not unprecedented for a case to be remanded to a different judge after a district court has twice used an improper sentencing procedure. See United States v. Brown, 470 F.2d 285, 288-89 (2d Cir. 1972). We note, moreover, that reassignments are not uncommon in the case of Judge Elfvin. This is the third case of reassignment in less than two years based on his failure to give notice of, and an explanation for, a departure in the original sentencing proceeding and on a remand. See United States v. Toohey, 448 F.3d 542 (2d Cir. 2006), and United States v. Sicurella, 2006 U.S.App. LEXIS 13546 (2d Cir. May 23, 2006) (unpublished order). In Toohey, we had remanded twice because Judge Elfvin had not explained a sentence of probation. 448 F.3d at 543. At the third sentencing hearing, he explained that he had imposed probation because of his personal relationship with the defendant when both were practicing law. Id. at 544. On the next appeal, we then remanded to a different judge. Id. at 546.

10

In Sicurella, Judge Elfvin refused to explain his reasons for imposing the sentence, stating on the second remand: "Upon reflection here and with further reflection to come in the future, I'm going to continue the sentence of 70 months. I will give it further reflection and if I change my mind, I'll let everyone know." 2006 U.S.App. LEXIS 13546 at *3 n.2. With little comment, the Sicurella panel determined that this "explanation" failed to satisfy the requirements of § 3553(a) and (c), and remanded, ordering reassignment to another judge.

This is, therefore, the third case in two years in which Judge Elfvin failed in the initial sentencing proceeding to comply with the requirements of notice and explanation for the imposition of a non-Guideslines sentence and then, on remand, failed to follow a direction of this court to comply with those requirements. This pattern of behavior is disturbing evidence of willfulness. The need to remove Judge Elfvin from this case being self-evident, we order reassignment to a different judge.

CONCLUSION

For the foregoing reasons, the sentencing orders of the district court are vacated and the case is remanded with instructions that it be assigned to a new judge for resentencing.

FOOTNOTES

1. Donald Benjamin was convicted of (1) one count of conspiracy to possess with intent to distribute and conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 as it relates to 21 U.S.C. § 841(a)(1); (2) five substantive distribution counts, in violation of 21 U.S.C. § 841(a)(1); and (3) one count of using a minor to distribute controlled substances in violation of 21 U.S.C. § 861(a)(1) and (2). Neal Benjamin was convicted of one count of the same conspiracy offense and one count of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Evans, 352 F.3d at 68.

2. Nor did Booker alter the requirement that a district court provide parties with notice of possible departures and variances from the advisory Guidelines ranges. See Fed. R. Crim. P. 32(h). Although we did not decide until after Donald and Neal Benjamin were resentenced that the notice requirement applied equally to non-Guidelines sentences as to departures, United States v. Anati, 457 F.3d 233, 236-37 (2d Cir. 2006), the district court could have been under no misapprehensions regarding its obligation to inform the parties of any intent to impose a sentence outside the applicable Guidelines ranges in light of our

12

admonitions in <u>Evans</u>, <u>see</u> <u>Evans</u>, 352 F.3d at 72.