09-0487-cr(L), 09-0538-cr(CON)
United States v. Benjamin

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand and ten.

PRESENT:

JON O. NEWMAN,
JOSÉ A. CABRANES,
DENNY CHIN,
     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

     *Appellee,*

   v.

NEAL BENJAMIN, DONALD BENJAMIN, also known as
Ducky,

     *Defendants-Appellants.*

Nos. 09-0487-cr(L),
09-0538-cr(CON)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLANTS:** | JOHN J. LAVIN, Buffalo, New York, for Appellant Neal Benjamin; VINCENT E. DOYLE III, Connors & Vilardo, LLP, Buffalo, New York, for Appellant Donald Benjamin. |
| **FOR APPELLEE:** | STEPHAN J. BACZYNSKI, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney, *on the brief*), |

Office of the United States Attorney, Western District of New York, Buffalo, New York.

Appeals from a February 3, 2009 amended judgment of conviction (Donald Benjamin) and a January 23, 2009 amended judgment of conviction (Neal Benjamin) of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of conviction be **AFFIRMED**.

Following a jury trial, defendants-appellants Donald Benjamin and Neal Benjamin (together, "defendants") were convicted of several drug crimes. Donald Benjamin was convicted of one count of conspiracy to distribute a controlled substance, *see* 21 U.S.C. §§ 841(a), 846, five counts of possessing with intent to distribute cocaine base, *see id.* § 841(a)(1), and one count of using a person under eighteen years of age to violate 21 U.S.C. § 841(a) and § 846, *see id.* § 861(a)(1). Neal Benjamin was convicted of one count of conspiracy to distribute a controlled substance, *see* 21 U.S.C. §§ 841(a), 846, and one count of distributing cocaine base, *see id.* § 841(a)(1).

Defendants were initially sentenced by the late Judge John T. Elfvin. He imposed an aggregate term of thirty years' imprisonment for Donald Benjamin and ten years' imprisonment for Neal Benjamin. Defendants brought appeals challenging their convictions and sentences, and the government brought cross-appeals challenging the sentences. We affirmed defendants' convictions but vacated the sentences and remanded for resentencing on the ground that the District Court had failed to give the government adequate notice of its intention to vary from the United States Sentencing Guidelines. *United States v. Evans*, 352 F.3d 65, 72-73 (2d. Cir. 2003). In a summary order filed that same day, we denied each of defendants' challenges to their sentences, "find[ing] no violation of *Apprendi v. New Jersey*, 530 U.S. 446 (2000), and no erroneous sentencing calculation except to the extent discussed in our accompanying opinion." *United States v. Evans*, 82 Fed. App'x 726, 728 (2d Cir. 2003)

On remand, Judge Elfvin imposed the same sentences he had imposed in the initial sentencing proceedings. The government appealed, and we again vacated the sentences. *United States v. Hirliman*, 503 F.3d 212, 217 (2d Cir. 2007). We remanded the case "with instructions that it be assigned to a new judge for resentencing." *Id.*

On the second remand, the case was reassigned to Judge Richard J. Arcara. Judge Arcara sentenced Donald Benjamin principally to an aggregate term of imprisonment of forty years. He sentenced Neal Benjamin principally to thirty years' imprisonment.

Defendants then brought these appeals asserting various challenges only to the sentences imposed by Judge Arcara. We assume the parties' familiarity with the underlying facts and the issues raised on appeal.

## I.      Purported Lack of a Sufficient Jury Finding as to Drug Type on Count One

Defendants both argue (each in somewhat different terms) that their sentences on Count One of the indictment (conspiracy to distribute cocaine, cocaine base, and marijuana) should be vacated on the ground that the jury made an insufficient finding as to the type of drugs involved in the conspiracy. Defendants claim that because of the insufficiency of the jury's finding, the Court's imposition of sentences under 21 U.S.C. § 841(b)(1)(C)[1] violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Although defendants' briefs are far from clear on this point, it appears that defendants contend that the Court should have sentenced them not under § 841(b)(1)(C) but under § 841(b)(1)(D), which provides a lower statutory maximum "[i]n the case of" a conspiracy involving "less than 50 kilgrams of marihuana."[2]

We denied that claim in our previous order. *See Evans*, 82 Fed. App'x at 728 (remanding for resentencing but concluding that there had been "no violation of *Apprendi . . .* and no erroneous sentencing calculation"). In any event, the claim is meritless.[3]

---

[1] Neal Benjamin was sentenced to 20 years' imprisonment on Count One. *See* Neal Benjamin App. 63 (Amended Judgment 2). That sentence was imposed under a part of 21 U.S.C. § 841(b)(1)(C) that provides a maximum term of imprisonment of 20 years where, as with Neal Benjamin, the defendant lacks a "prior conviction for a felony drug offense" and no "serious bodily injury result[ed] from the use" of the drugs in question. 21 U.S.C. § 841(b)(1)(C); *see* Neal Benjamin Presentence Report 16.

Donald Benjamin was sentenced to 30 years' imprisonment on Count One. *See* Donald Benjamin App. 263 (Amended Judgment 2). That sentence was imposed under a part of 21 U.S.C. § 841(b)(1)(C) that provides a maximum term of imprisonment of 30 years where, as with Donald Benjamin, a defendant *does* have a "prior conviction for a felony drug offense" and no "serious bodily injury result[ed] from the use" of the drugs in question. 21 U.S.C. § 841(b)(1)(C); *see* Donald Benjamin Presentence Report 22. (As discussed in detail below, Donald Benjamin argues that the District Court erred in finding that he had a prior felony drug conviction.)

[2] Both defendants were sentenced on Count One under 21 U.S.C. § 841(b)(1)(C). *See* Neal Benjamin Presentence Report 16; Donald Benjamin Presentence Report 22. That subsection is a "default" provision that applies where a defendant commits a drug crime as defined in § 841(a) and the crime in question involved "a controlled substance in schedule I or II." If a defendant commits a drug crime that involves one among certain specified large quantities of drugs, the default sentencing range in § 841(b)(1)(C) is preempted by subsections (A) and (B), which provide higher sentencing ranges. If a defendant commits a drug crime that involves a certain small quantity of marijuana—specifically, "less than 50 kilograms of marijuana"—the default sentencing range in § 841(b)(1)(C) is preempted by subsection (D), which provides lower sentencing ranges. *See generally id.* § 841(b)(1)(C) (applying "[i]n the case of a controlled substance in schedule I or II . . . except as provided in subparagraphs (A), (B), and (D)").

[3] In its brief, the government responds to defendants' *Apprendi* claims solely on the ground that the claims had already been denied in this Court's previous order. It would have been far

3

This is not a case like *United States v. Zillgitt*, where, "in light of . . . ambiguity resulting from [a] general verdict," we were required to "assume that the conviction [was] for conspiracy to possess the controlled substance that carries the most lenient statutorily prescribed sentence." 286 F.3d 128, 135-36 (2d Cir. 2002). Rather, the jury in this case returned a special verdict with respect to Count One, indicating on a verdict sheet that it found each defendant "[g]uilty" on Count One and that, for each defendant, its "verdict [was] based" on all of the three drugs alleged: "cocaine (powder)," "cocaine base (crack)," and "marijuana." Donald Benjamin App. 115 (Verdict Sheet 1).

The verdict sheet, therefore, unambiguously shows that the jury found defendants guilty of a drug conspiracy involving not just marijuana, but also cocaine powder and "crack" cocaine. Accordingly, defendants should not have been punished under 21 U.S.C. § 841(b)(1)(D), for that statute applies only "[i]n the case of less than 50 kilograms of *marihuana*" (emphasis added). Rather, defendants should have been punished—as they were in fact punished—under 21 U.S.C. § 841(b)(1)(C), the "default" statute for a drug conspiracy involving "a controlled substance in schedule I or II." *See* note 2, *ante*.

Donald Benjamin argues that the jury's finding on the verdict sheet should be rejected because the District Court "was obliged to charge the jury that the type of drug was an element of the offense that had to be proven beyond a reasonable doubt." We agree that the type of drug was an element that had to be proven beyond a reasonable doubt, but we reject Donald Benjamin's contention that the jury was misinformed about that standard of proof.

On several occasions the District Court instructed the jury that it was permitted to convict a defendant only if found that each element of a crime had been proved beyond a reasonable doubt. The Court stated generally:

> A defendant never has the burden to prove his or her lack of guilt, and in order to sustain its burden the prosecution must produce proof which is sufficiently strong to convince each of you of a particular defendant's guilt beyond a reasonable doubt. The requirement that the prosecution prove guilt beyond a reasonable doubt extends to every essential element of each crime . . . .

Donald Benjamin App. 63 (Trial Tr. 5169). In explaining the elements of Count One, the drug conspiracy charge, the Court then repeatedly emphasized the beyond-a-reasonable-doubt standard. For example, the Court told the jury that, in order for it to reach a guilty verdict on Count One, "[a] defendant must be shown beyond a reasonable doubt to have participated [in the conspiracy]

preferable for the government to have argued, in the alternative, the merits of the defendants' claims—that is, that the *Apprendi* claims were *properly* denied in this Court's previous order.

4

with knowledge of at least some of the purposes or objectives of the conspiracy, and with the intention of aiding in the accomplishment of those or some of the unlawful acts." *Id.* at 83 (Trial Tr. 5189).

Therefore, the jury understood that, in order to convict Neal Benjamin on Count One, it had to find, beyond a reasonable doubt, that the government had proved each element of a drug conspiracy involving either marijuana, cocaine powder, or "crack" cocaine. Once the jury found Donald Benjamin guilty on Count One, the drug type question on the verdict sheet merely asked the jury to specify *which* drug the jury had found, beyond a reasonable doubt, that Donald Benjamin had conspired to posses or distribute.

The jury made a sufficient finding as to drug type, therefore, and the District Court did not violate *Apprendi* when it sentenced defendants for Count One under 21 U.S.C. § 841(b)(1)(C). Any doubt on this issue is eliminated by the jury's verdict of guilty on the substantive counts involving cocaine base, as to which no issue is raised on appeal.

## II.    Donald Benjamin's Sentence on Count 24

Donald Benjamin was convicted on Count 24 of violating of 21 U.S.C. § 861. That section makes it a crime, among other things, to "use" a "person under eighteen years of age to violate any provision of" Title 21 of the United States Code. 21 U.S.C. § 861(a)(1). Donald Benjamin was punished under subsection (b) of section 861,[4] which permits a sentence of "twice the maximum punishment otherwise authorized," *id.* § 861(b). The District Court imposed on Donald Benjamin a sentence of forty years' imprisonment on Count 24.

Donald Benjamin argues on appeal that his sentence on Count 24 violated his Sixth Amendment rights as articulated by *United States v. Booker*, 543 U.S. 220 (2005). He claims that it was impossible for the District Court, without violating the Sixth Amendment, to have determined what punishment was "otherwise authorized" within the meaning of § 861(b), because "the specific underlying violation here was not pled in the indictment, nor found specifically by the jury."

We appear to have rejected that claim in our previous order. *See Evans*, 82 Fed. App'x at 728. In any event, the claim is meritless.[5] Count 24 of the indictment alleges that Donald Benjamin, among other things, "use[d]" a minor in order to engage in a drug conspiracy in violation

---

[4] The amended judgment incorrectly identifies the conviction on count 24 as a violation of 21 U.S.C. § 861(c), and should be corrected to reflect a violation of 21 U.S.C. § 861(b).

[5] It is not clear that the government briefed this claim at all. Insofar as the government intended to rely solely on our previous order (and not, in the alternative, to brief the merits of the claim), we once again express our frustration. *See* note 3, *ante*.

of 21 U.S.C. § 841(a) and § 846. The jury found Donald Benjamin guilty of participating in that drug conspiracy, and as discussed in above, *see* Part I, *ante*, Donald Benjamin's sentencing range for the conspiracy count (Count One) was properly calculated as zero to thirty years' imprisonment. That, therefore, was the sentencing range "otherwise authorized" within the meaning of 21 U.S.C. § 861(b).

As a result, under § 861(b), Donald Benjamin's sentencing range was one year[6] to sixty years' imprisonment. His sentence of forty years' imprisonment fell within that range and thus did not violate *Booker*.

## III. Other *Booker* Claims

Both defendants makes various other claims that the District Court violated *Booker* in applying certain sentencing enhancements in calculating defendants' advisory sentencing range under the United States Sentencing Guidelines. Each of defendants' claims is meritless; the District Court did not violate *Booker*.

## IV. The Revisiting of the Issue of Donald Benjamin's Prior Drug Felony

At Donald Benjamin's initial sentencing proceedings, Judge Elfvin declined to sentence Donald Benjamin as a convicted drug felon under 21 U.S.C. § 851. After we vacated the initial sentences and remanded for resentencing, Judge Arcara revisited that issue and sentenced Donald Benjamin as a prior drug felon.

On appeal, Donald Benjamin argues that Judge Arcara was prohibited from revisiting the prior-drug-felony issue. We disagree. After we vacated Donald Benjamin's sentence for a second time, we remanded the case "with instructions that it be assigned to a new judge for resentencing." *Hirliman*, 503 F.3d at 217. Our remand was not limited to a specific purpose, as it was, for example, in *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). Rather, our remand was for "resentencing" *simpliciter*. Thus Judge Arcara was entitled to conduct a complete re-sentencing, revisiting any issue on which we had not already ruled, including the prior-drug-felony issue. Nor was he barred from reconsidering the prior-drug-felony issue by the law of the case doctrine, as Donald Benjamin claims.

---

[6] *See* 21 U.S.C. § 861(b) ("Except to the extent a greater minimum sentence is otherwise provided, a term of imprisonment under this subsection shall not be less than one year.").

## V.   Purported Disparity

Neal Benjamin challenges his sentence on the ground that there was an unwarranted disparity between the sentence he received and the sentence Donald Benjamin received. We reject that claim; there was no unwarranted disparity.

## VI.   Consideration of the Section 3553(a) Factors

Neal Benjamin asserts that the District Court failed to consider each of the factors set forth in 18 U.S.C. § 3553(a). There is a "strong presumption that the District Court faithfully performed its statutory obligation to consider the § 3553(a) factors." *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006); *see also United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005) ("As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred."). Having reviewed the record, we conclude that the District Court did, in fact, consider the required statutory factors.

## VII.   Substantive Reasonableness

Both defendants argue that their sentences were substantively unreasonable. Neither sentence, however, is "manifestly unjust," "shockingly high," or "otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). We therefore conclude that each sentence is substantively reasonable.

## CONCLUSION

We have considered each of defendants' arguments and have determined that they are meritless. The judgments of conviction are therefore **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

7