Donald BENJAMIN, Jr., Petitioner,

v.

UNITED STATES of America,
Respondent.

1:11–cv–00776 EAW
1:97–cr–00133–1 EAW

United States District Court,
W.D. New York.

Signed January 4, 2016

Filed January 5, 2016

Thomas S. Duszkiewicz, U.S. Attorney's Office, Buffalo, NY, for Respondent.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge

## INTRODUCTION

Petitioner Donald Benjamin, Jr. ("Petitioner") has moved the Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt.894)[1]. For the

---

1. The docketing for this matter was done in Petitioner's underlying criminal case, No. 1:97-cr-00133-1 EAW. Docket references in this Decision and Order therefore refer to the

reasons set forth below, Petitioner's motion is denied.

## BACKGROUND

Petitioner and his brother, Neal Benjamin, were convicted of various drug crimes. The Second Circuit has summarized the factual background underlying Petitioner's conviction as follows: "The relevant facts are exceedingly simple. Between 1994 and 1997, the Benjamin brothers ran a drug distribution ring in and around Olean, New York, along with dozens of co-conspirators. The ring dealt in marijuana, cocaine, and crack and employed numerous individuals, including several youngsters under age eighteen." *United States v. Hirliman,* 503 F.3d 212, 213 (2d Cir.2007) (internal citations and quotations omitted). "Donald Benjamin was convicted of (1) one count of conspiracy to possess with intent to distribute and conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 as it relates to 21 U.S.C. § 841(a)(1); (2) five substantive distribution counts, in violation of 21 U.S.C. § 841(a)(1); and (3) one count of using a minor to distribute controlled substances in violation of 21 U.S.C. § 861(a)(1) and (2)." *Id.* at 213 n. 1.

The Second Circuit has further explained:

> [Petitioner and his brother] were initially sentenced by the late Judge John T. Elfvin. He imposed an aggregate term of thirty years' imprisonment for Donald Benjamin and ten years' imprisonment for Neal Benjamin. Defendants brought appeals challenging their convictions and sentences, and the government brought cross-appeals challenging the sentences. [The Second Circuit] affirmed defendants' convictions but vacated the sentences and remanded for

> resentencing on the ground that the District Court had failed to give the government adequate notice of its intention to vary from the United States Sentencing Guidelines. *United States v. Evans,* 352 F.3d 65, 72–73 (2d Cir.2003). In a summary order filed that same day, [the Second Circuit] denied each of defendants' challenges to their sentences, "find[ing] no violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and no erroneous sentencing calculation except to the extent discussed in our accompanying opinion." *United States v. Evans,* 82 Fed.Appx. 726, 728 (2d Cir.2003). On remand, Judge Elfvin imposed the same sentences he had imposed in the initial sentencing proceedings. The government appealed, and [the Second Circuit] again vacated the sentences. *United States v. Hirliman,* 503 F.3d 212, 217 (2d Cir.2007). [The Second Circuit] remanded the case "with instructions that it be assigned to a new judge for resentencing." *Id.* On the second remand, the case was reassigned to Judge Richard J. Arcara. Judge Arcara sentenced Donald Benjamin principally to an aggregate term of imprisonment of forty years. He sentenced Neal Benjamin principally to thirty years' imprisonment.

*United States v. Benjamin,* 391 Fed.Appx. 942, 944 (2d Cir.2010). The Second Circuit upheld Judge Arcara's sentences on direct appeal. *Id.* at 948.

Petitioner filed the instant petition *pro se* on September 9, 2011. (Dkt.894). Petitioner argues that his trial counsel provided ineffective assistance and that "the sentence scheme [sic] used by the Court violates his constitutional rights and violates [*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621

docket numbers in the underlying criminal matter.

(2005) ]." (*Id.* at 9). Petitioner also requested that the Court hold an evidentiary hearing regarding his ineffective assistance of counsel claim. The Government filed opposing papers on November 4, 2011 (Dkt.898), and Petitioner filed reply papers on November 17, 2011 (Dkt.899).

On January 2, 2013, Petitioner filed a motion to hold his § 2255 motion in abeyance pending the Supreme Court's decisions in *Alleyne v. United States,* — U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and *Peugh v. United States,* — U.S. ——, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013). (Dkt.902) [2]. Then, on October 23, 2013, after the Supreme Court decided *Alleyne* and *Peugh,* Petitioner's trial counsel filed a "memorandum in further support" of Petitioner's § 2255 motion. (Dkt.905). Unsurprisingly, Petitioner's counsel does not argue that he provided Petitioner with ineffective assistance. Instead, Petitioner's counsel argues that the decisions in *Alleyne* and *Peugh* mandate the vacatur of Petitioner's sentence. (*Id.*). In the interests of justice, the Court has considered both the arguments made by Petitioner in his uncounseled motion and the arguments made by Petitioner's counsel.

## DISCUSSION

### I. Legal Standard

■ "Under Section 2255 of Title 28, United States Code, a federal prisoner may move the sentencing court to vacate, set aside, or correct the sentence on the ground that such sentence was illegally imposed." *Puglisi v. United States,* 586 F.3d 209, 213 (2d Cir.2009). "The statute further provides that '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled

to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.'" *Id.* (quoting 28 U.S.C. § 2255). "Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States,* 372 F.3d 132, 134 (2d Cir.2004) (citing 28 U.S.C. § 2255).

■ With respect to Petitioner's request for a hearing, "[t]o warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi,* 586 F.3d at 213 (quoting *Armienti v. United States,* 234 F.3d 820, 823 (2d Cir.2000)).

### II. The Impact of *Alleyne* and *Peugh* on Petitioner's Sentence

The Court first considers whether the Supreme Court's decisions in *Alleyne* and *Peugh* mandate the vacatur of Petitioner's sentence. For the reasons discussed below, the Court rejects Petitioner's arguments based on these cases.

### A. Petitioner's Argument Based on *Alleyne*

In *Alleyne,* the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and proved beyond a reasonable doubt. 133 S.Ct. at 2155. Petitioner argues that the rule set forth in *Alleyne* was violated in this case

---

2. This motion has been mooted by the Supreme Court's subsequent entry of decisions

in both *Alleyne* and *Peugh* and is therefore denied.

because the Court relied upon 21 U.S.C. § 861, which relates to the employment or use of persons under 18 years of age in drug operations, in imposing its sentence upon Petitioner. As the Second Circuit explained on direct appeal:

> That section makes it a crime, among other things, to "use" a "person under eighteen years of age to violate any provision of" Title 21 of the United States Code. 21 U.S.C. § 861(a)(1). Donald Benjamin was punished under subsection (b) of section 861, which permits a sentence of "twice the maximum punishment otherwise authorized," *id.* § 861(b).

*Benjamin,* 391 Fed.Appx. at 946. Petitioner argues that the Court's application of § 861(b) was impermissible under *Alleyne* because "the jury at [Petitioner's] trial was never asked to determine what underlying offense the minor was allegedly involved in." (Dkt. 905 at 8). Plaintiff further argues that the Court: (1) sentenced Petitioner based on findings by the jury of elements not concluded beyond a reasonable doubt; (2) declared Petitioner a prior felon for purposes of sentencing without submitting this element to the jury for determination beyond a reasonable doubt; and (3) improperly increased Petitioner's sentence based on enhancement factors never submitted to the jury, all in violation of the rule set forth in *Alleyne.* (*Id.* at 9–12).

■ As a threshold matter, the Court must determine whether *Alleyne* applies retroactively to Petitioner's claims. "Whether or not a new rule of law announced by the Supreme Court is to be applied retroactively in criminal cases on

habeas review for the first time depends largely on whether the rule is substantive or procedural." *Santana–Madera v. United States,* 260 F.3d 133, 138 (2d Cir.2001). If the newly announced rule is procedural, it generally does not apply retroactively, while "new rules of substantive criminal law are presumptively retroactive." *Id.* "[N]ew rules are substantive when they alter 'the meaning of a criminal statute enacted by Congress' such that the defendant stands convicted for conduct that may no longer be illegal." *Id.* (quoting *Bousley v. United States,* 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

■ In *United States v. Redd,* 735 F.3d 88 (2d Cir.2013), in the context of a second or successive § 2255 motion, the Second Circuit held that "*Alleyne* did not announce a new rule of law made retroactive on collateral review." *Id.* at 92.[3] Additionally, multiple district court decisions in this Circuit have determined that *Alleyne* does not announce a substantive rule and does not apply retroactively. *See Gil v. United States,* No. 14–CV1336 KMW, 2015 WL 4617235, at *4 (S.D.N.Y. Aug. 3, 2015) ("*Alleyne* does not apply retroactively"); *Moreno v. United States,* No. 13–CV–8069 R, 2014 WL 2038419, at *3 (S.D.N.Y. May 15, 2014) ("*Alleyne* does not apply retroactively" because "[t]he new rule announced in *Alleyne* is ... not a substantive rule"); *Diallo v. United States,* No. 13 CIV. 6147 LAK, 2013 WL 6669407, at *2 (S.D.N.Y. Dec. 11, 2013) ("Because *Alleyne* announced a rule that is both 'new' and 'procedural,' but not 'watershed,' it does not apply retroactively to [petitioner's] Section 2255 motion for habeas relief."); *Rose v. United States,* No. 03 CR 1501 SAS, 2013

---

**3.** The analysis of retroactivity in the context of second or successive habeas petitions is governed by 28 U.S.C. § 2244(b)(2)(A), which "mandates that only the Supreme Court, through a specific holding that a new rule is retroactive, can give a new rule retroactive applicability." *Santana–Madera,* 260 F.3d at 138 n. 1. Since this is Petitioner's first § 2255 motion, the Court considers whether the rule announced in *Alleyne* is substantive.

WL 5303237, at *3 (S.D.N.Y. Sept. 20, 2013) ("the general rule against retroactivity applies to the *Alleyne* decision").

Additionally, the First, Third, Fifth, Sixth, Seventh, and Eleventh Circuits have all held that *Alleyne* is not retroactive on collateral review even in the context of an initial § 2255 petition. *See Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015), *cert. denied,* —— U.S. ——, 136 S.Ct. 424, 193 L.Ed.2d 319 (2015) (collecting cases and noting that "[e]very court of appeals that has considered the subject has concluded that *Alleyne* is not retroactive on collateral review.").

▪ The Court agrees with the many federal courts that have concluded that *Alleyne* announces a procedural rule that is not "watershed" and thus does not apply retroactively. As ably explained by the First Circuit:

The [Supreme] Court's analysis in *Alleyne* itself . . . undercuts any claim that the holding represented the type of change to 'bedrock elements' of criminal procedure that would warrant retroactive application. . . . *Alleyne* was an extension of the principle already set forth in *Apprendi [v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ]. *Alleyne* eliminated the anomaly introduced by *Harris. [v. United States*, 536 U.S. 545, 566–67, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) ], and it aligned the imposition of mandatory minimums with the Court's then existing Sixth Amendment jurisprudence. . . . *Alleyne* did not cut a new rule from whole cloth, but rather clarified and extended the scope of two well-settled principles of criminal procedure: the defendant's right to a jury trial and the government's burden of proof beyond a reasonable doubt. We therefore conclude that the rule announced in *Alleyne* is not retroactively applicable to sentences on collateral review on an initial habeas petition.

*Butterworth v. United States*, 775 F.3d 459, 468 (1st Cir.2015), *cert. denied,* —— U.S.——, 135 S.Ct. 1517, 191 L.Ed.2d 450 (2015).

The Court concludes that the rule announced in *Alleyne* does not apply retroactively to Petitioner's § 2255 motion. As a result, Petitioner's arguments based on *Alleyne* cannot support the vacatur of his sentence.

### B. Petitioner's Arguments based on *Peugh*

In *Peugh*, the Supreme Court held that a sentence violates the Constitution's *ex post facto* clause if the sentencing judge calculated the defendant's advisory guidelines range based on the range in effect when defendant was sentenced rather than when the defendant committed the crime, if the earlier range was lower. 133 S.Ct. at 2088. Petitioner argues that in his case, the Court did not adhere to the maximum guideline range that was in effect in 1994–1997, when his crimes were committed. (Dkt. 905 at 15).

Again, because *Peugh* was decided after Petitioner's conviction was final, the Court must decide as a threshold matter whether *Peugh* applies retroactively. The Second Circuit has held that *Peugh* did not set forth a new substantive rule and that it also "did not set forth a watershed rule of procedure such that it would apply retroactively. . . ." *Herrera–Gomez v. United States*, 755 F.3d 142, 146 (2d Cir.2014); *see also Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir.2013) ("errors in applying the advisory guidelines are procedural"); *Rogers v. United States*, 561 Fed.Appx. 440, 443 (6th Cir.2014), *cert. denied,* —— U.S. ——, 135 S.Ct. 500, 190 L.Ed.2d 376 (2014) ("the constitutional rules of criminal

procedural adopted in *Alleyne* and *Peugh* are not applicable on collateral review"); *United States v. Locke*, 978 F.Supp.2d 23, 34 (D.D.C.2013) ("*Peugh* itself notes that failing to calculate the correct Guidelines range constitutes procedural error.") (quotation omitted).

■ Like his arguments based on *Alleyne*, Petitioner's arguments based on *Peugh* fail because *Peugh* does not apply retroactively on collateral review. Petitioner has not established that his sentence should be vacated on this basis.

## II. Petitioner's Ineffective Assistance of Counsel Claim

Petitioner argued in his initial motion papers that his counsel provided ineffective assistance. (Dkt.894). Petitioner's motion papers are somewhat disjointed, but the gravamen of his argument seems to be that his attorney failed to properly present three arguments: (1) that the Court improperly sentenced him under 21 U.S.C. § 841(b)(1)(C); (2) that the Court "drew its own conclusions" about which underlying offense involved the use of a minor; and (3) that the Court improperly communicated with and discharged a juror outside the presence of Petitioner. (*Id.* at 2).

■ The Sixth Amendment to the United States Constitution guarantees criminal defendants the effective assistance of counsel, including on direct appeal. Pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "[t]o establish ineffective assistance of appellate counsel, [petitioner] must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ramchair v. Conway*, 601 F.3d 66, 73 (2d

Cir.2010) (quotations omitted). In this case, there is a fatal, threshold flaw in Petitioner's ineffective assistance of counsel claim—the arguments Petitioner claims his counsel should have made were in fact made (and ultimately rejected) on direct appeal.

With respect to Petitioner's first argument, the Second Circuit specifically held that Petitioner was properly sentenced under 21 U.S.C. § 841(b)(1)(C). *See Benjamin*, 391 Fed.Appx. at 944–45 ("[D]efendants should have been punished—as they were in fact punished—under 21 U.S.C. § 841(b)(1)(C), the default statute for a drug conspiracy involving a controlled substance in schedule I or II.") (quotations omitted). The Second Circuit also expressly rejected the argument that the Court's use of sentencing enhancements violated Petitioner's Sixth Amendment rights as set forth in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Id.* at 947 ("Both defendants make[ ] various other claims that the District Court violated *Booker* in applying certain sentencing enhancements in calculating defendants' advisory sentencing range under the United States Sentencing Guidelines. Each of defendants' claims is meritless; the District Court did not violate *Booker*.").

With respect to Petitioner's second argument, again, this argument was presented to and rejected by the Second Circuit:

Donald Benjamin was convicted on Count 24 of violating ... 21 U.S.C. § 861. That section makes it a crime, among other things, to "use" a "person under eighteen years of age to violate any provision of" Title 21 of the United States Code. 21 U.S.C. § 861(a)(1). Donald Benjamin was punished under subsection (b) of section 861, which permits a sentence of "twice the maximum

punishment otherwise authorized," *id.* § 861(b). The District Court imposed on Donald Benjamin a sentence of forty years' imprisonment on Count 24.

Donald Benjamin argues on appeal that his sentence on Count 24 violated his Sixth Amendment rights as articulated by [*Booker*]. He claims that it was impossible for the District Court, without violating the Sixth Amendment, to have determined what punishment was otherwise authorized within the meaning of § 861(b), because the specific underlying violation here was not pled in the indictment, nor found specifically by the jury....

[T]he claim is meritless. Count 24 of the indictment alleges that Donald Benjamin, among other things, used a minor in order to engage in a drug conspiracy in violation of 21 U.S.C. § 841(a) and § 846. The jury found Donald Benjamin guilty of participating in that drug conspiracy, and as discussed ... above ... Donald Benjamin's sentencing range for the conspiracy count (Count One) was properly calculated as zero to thirty years' imprisonment. That, therefore, was the sentencing range "otherwise authorized" within the meaning of 21 U.S.C. § 861(b).

*Id.* (internal quotations omitted).

Finally, with respect to the discharge of a juror during Petitioner's trial, on the first appeal of this matter, "Defendants argue[d] that the district court violated their rights by communicating with Juror # 3 outside their presence and by deciding to dismiss the juror without first consulting them. According to Donald's brief (which Neal incorporates into his appeal by reference), '[t]he district court should have given more deference to [their] right to a trial before the jury [they] selected.' " *United States v. Evans,* 352 F.3d 65, 69 (2d Cir.2003). The Second Circuit rejected this claim, holding that "the court properly exercised its discretion in discharging a single juror whose asthma attack could have unduly delayed an already lengthy trial. Although the court was ill-advised to exclude counsel from its discussion with, and decision concerning, the juror, we are persuaded that the communication in no way contributed to defendants' convictions." *Id.* at 70.

█ In other words, Petitioner's arguments fail both prongs of the *Strickland* test because (1) Petitioner's counsel in fact made the arguments that Petitioner is now arguing he should have made and (2) the Second Circuit rejected each of Petitioner's current arguments on direct appeal.[4] Petitioner cannot show either defective performance or prejudice, and no hearing is necessary because he does not have a "plausible" claim for ineffective assistance of counsel. *See Puglisi,* 586 F.3d at 213.

## CONCLUSION

For the reasons set forth above, Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is in all respects denied and dismissed. The Clerk of Court is directed to close case number 1:11–cv–00776 EAW.

The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *United States v. Tracey,* 669 F.Supp.2d 333, 336 (W.D.N.Y.2009).

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any

---

4. Indeed, as the Government noted in its response papers, it appears that significant portions of Petitioner's § 2255 motion were simply cut-and-pasted from the brief his counsel filed on direct appeal. (Dkt. 898 at 1 n.1).

appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Federal Rule of Appellate Procedure 24.

SO ORDERED.