13-1041-cr
*United States v. White*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand fourteen.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> > v.                                No. 13-1041-cr

DAWN A. WHITE,

> *Defendant-Appellant,*

JENNIFER T. FORD,

> *Defendant.*

_____

| | |
|---|---|
| **FOR DAWN A. WHITE:** | Lawrence M. Stern, New York, NY. |
| **FOR UNITED STATES:** | Monica J. Richards, Assistant United States Attorney*, for* William J. Hochul, Jr., United States Attorney for the Western District of New York, New York, NY. |

Appeal from a judgment of conviction of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment of conviction is **AFFIRMED**, and the case is **REMANDED** for resentencing only, with directions to the District Court either to make specific findings to support the enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) or to sentence defendant without regard to that enhancement.

Defendant Dawn A. White appeals from a March 14, 2013 judgment of the District Court, sentencing her principally to 33 months' imprisonment, following a jury trial, for one count of conspiracy to file a false claim against the United States in violation of 18 U.S.C. § 286 and for three counts of making or presenting a false or fraudulent claim in violation of 18 U.S.C. § 287. We consider on appeal various constitutional and statutory challenges raised by White to her conviction and sentence. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm the judgment of conviction and remand for resentencing only.

## I. Hearsay and Authenticity

White first argues the District Court erred in admitting certain sets of documents and records. We review a district court's evidentiary decisions for abuse of discretion, and will reverse only in instances of "manifest error." *United States v. Miller*, 626 F.3d 682, 687-88 (2d Cir. 2010) (internal quotation marks omitted). When a defendant fails to make an evidentiary objection at trial, our review is only for "plain error."[1] *See United States v. Hourihan*, 66 F.3d 458, 463 (2d Cir. 1995).

White argues that there was an insufficient basis for the admissibility of certain tax returns because there was an absence of proof connecting White to the IP addresses associated with the electronic filings.[2] On similar grounds, White contests the admission of other documents, such as financial records and airline records, among others. It is well settled that, "[w]ith respect to a document attributed to the defendant, the prosecution need only provide a rational basis from

---

[1] Under this exacting standard, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and citations omitted).

[2] White's characterization of this objection as an authenticity objection is incorrect; it is an objection as to relevance under Fed. R. Evid. 104(b), which provides: "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later."

which the jury could infer that the document did, in fact, belong to him." *United States v. Maldonado-Rivera*, 922 F.2d 934, 957 (2d Cir. 1990). After review, we conclude that there was adequate circumstantial evidence—stemming from when and how refund proceeds and other funds were withdrawn, transferred, and spent, among other evidence—for a juror to conclude that these documents belonged to White. We accordingly also reject White's hearsay challenge to these documents, insofar as they are statements of an opposing party. *See* Fed. R. Evid. 801(d)(2)(A).

White also contests the admissions of her own statements made to the IRS during its investigation. We review this claim for plain error due to a lack of objection at trial. White does not specifically identify which statements were purportedly inadmissible, nor does she precisely identify the objection that is being made. White simply asserts that the statements were "exculpatory" and thus inadmissible. This does not amount to a showing of error, much less plain error, particularly since many of White's statements were not in fact exculpatory in any fashion.

## II. Sufficiency of the Evidence

White also makes several challenges to the sufficiency of the evidence of the conspiracy conviction. We review a challenge to the sufficiency of the evidence *de novo*, but "view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence," *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008) (alteration, citations, and internal quotation marks omitted). Indeed, we have emphasized the importance of deference to the jury's findings in the conspiracy context "because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008) (quoting *United States v. Morgan*, 385 F.3d 196, 204 (2d Cir. 2004)).

White argues that the filing of false tax returns and the use of the illicit proceeds is insufficient proof of guilt of the existence of a conspiracy. White also argues that the evidence merely shows simultaneous, but not joint, similar criminal conduct by White and her sister and co-defendant Ford. Yet White ignores much of the evidence introduced at trial. Ford and White frequently exchanged funds between their accounts, including transfers to cover expenses associated with the filing of returns, such as filing fees and software purchases. In tax year 2004, White's brother's refund, which was based on a company that only Ford had worked for, was directed to a prepaid debit card in White's name. For tax year 2005, the amounts falsely claimed as income earned and taxes withheld on both White and Ford's returns were similar; falsified wages were in the $92,000-$94,000 range, and falsified withholdings were approximately $39,000. The evidence was more than sufficient to provide a basis for conviction.

3

### III. Right to a Speedy Trial

White contends that the indictment should have been dismissed because the delay in proceeding to trial violated the Speedy Trial Act. The Speedy Trial Act mandates that the trial of a criminal defendant commence "within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Yet "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under [the Speedy Trial Act]." 18 U.S.C. § 3162(a)(2); *United States v. Abad*, 514 F.3d 271, 274 (2d Cir. 2008). White's counsel never moved to dismiss the February 1, 2011 indictment on speedy trial grounds. To the contrary, all parties joined the request for an adjournment on January 25, 2012 to a jury selection date of March 2, 2012.

In the alternative, White asserts that her Sixth Amendment right to a speedy trial was violated. Unpreserved constitutional claims are subject to review for plain error. *Abad*, 514 F.3d at 274. Constitutional speedy trial claims are governed by four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The lengthy delay weighs in favor of White's argument, but she has failed to demonstrate any prejudice, other than the anxiety and burdens associated with a pending charge. *See United States v. Cain*, 671 F.3d 271, 297 (2d Cir. 2012) (noting that "we have generally required a showing of some significant trial-related disadvantage in order to establish a speedy-trial violation"). White also failed to assert her Sixth Amendment rights in a vigorous and timely manner following reindictment, which also militates against a speedy trial claim. Accordingly, we conclude that there was not a clear or obvious violation of the Sixth Amendment.[3]

### IV. Sentencing

Finally, White raises six challenges to her sentence on appeal, none of which were raised below. We review the calculated loss amount and the contested enhancements for plain error. *See United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009); *United States v. Granik*, 386 F.3d 404, 414 (2d Cir. 2004).

First, White contends that her Guidelines offense level was based on losses that were not within the scope of a conspiratorial agreement. This argument is once more premised on the supposed lack of a conspiracy between White and Ford, which we have already rejected.

Second, White contends that her offense level was erroneously adjusted upward by two points for sophisticated means. We agree with the government, however, that the scheme, viewed in its totality, was sophisticated. Multiple returns were filed, using varying methods, in the names of

---

[3] To the extent White argues that her defense counsel was ineffective for, among other things, failure to make an objection on speedy trial grounds, we decline to address these ineffective assistance claims now, without prejudice to them being raised in a future collateral attack before the district court pursuant to 28 U.S.C. § 2255.

different tax payers, with refunds directed for deposit to a series of debit cards and with subsequent transfers between the cards, all to avoid detection.

Third, White argues that the loss amount in calculating the base offense level was improperly based on uncharged conduct—specifically, state tax losses. Pursuant to section 1B1.3(a)(2) of the Guidelines, "relevant conduct" includes any acts or omissions that were "part of the same course of conduct or common scheme or plan as the offense of conviction." The Guidelines define "common scheme or plan" as two or more offenses that are "substantially connected to each other by at least one common factor, such as . . . common accomplices, common purpose, or similar modus operandi." U.S.S.G. § 1B1.3, cmt. n.9(a). After review, we conclude that the fraudulent submissions to both the state and federal governments, which occurred in the exact same manner by the same perpetrators, were part of a "common scheme or plan." *See United States v. Fitzgerald*, 232 F.3d 315, 318 (2d Cir. 2000) (holding that state and city tax evasion considered relevant conduct under conviction for federal tax evasion).

Fourth, White contends that she was denied a below-Guidelines sentence based on the District Court's fixed and erroneous sentencing policies. We disagree. The District Court was well aware of its discretion in sentencing, properly considered the relevant factors before it, and did not inflexibly or arbitrarily constrain itself in light of White's background and personal characteristics.

Fifth, we reject White's argument that the District Court abused its discretion in requiring her to submit to drug tests as a condition of supervised release. The District Court was not required to suspend the conditions of 18 U.S.C. § 3583(d), which mandates submission to drug tests, because White may not be at risk of future substance abuse.[4] White also objects to the condition that she submit to searches "based upon reasonable suspicion." Understood as permitting searches upon reasonable suspicion that White has engaged in unlawful behavior, we see no problem with such a condition.

There is merit, however, to White's sixth and final challenge. She contests the enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) for use of another's identification to produce or obtain *another* means of identification. This enhancement was applied solely because White had used others' identifications to file false tax returns and to receive refunds from those returns. *See* PSR ¶ 116. But the District Court did not find, nor did the PSR state, that in using others' identifications to file a false return and receive a refund, White obtained *another* means of identification. *See* U.S.S.G. § 2B1.1, cmt. n.10(C)(i) ("Subsection (b)(11)(C)(i) applies in a case in which a means of identification . . . is used . . . to produce or obtain *another means of identification*." (emphasis supplied)). Without such a finding, this enhancement was improperly applied.

---

[4] On remand, however, the District Court shall consider whether White is a "a low risk of future substance abuse" and whether to ameliorate or suspend the drug testing provision pursuant to U.S.S.G. § 5D1.3(a)(4).

**CONCLUSION**

Accordingly, we **AFFIRM** the judgment of conviction and **REMAND** for resentencing only, with directions to the District Court either to make specific findings to support the enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) or to sentence White without regard to that enhancement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6