15-229-cr
*U.S. v. White*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
                    CHRISTOPHER F. DRONEY,
                            *Circuit Judges,*
                    JEFFREY ALKER MEYER,
                            *District Judge.*[*]

---

UNITED STATES OF AMERICA,

            *Appellee,*

            v.                                                                15-229-cr

DAWN A. WHITE,

            *Defendant-Appellant,*

JENNIFER T. FORD,

            *Defendant.*

---

---

[*] The Honorable Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

1

**FOR APPELLEE:**                                    Richard A. Resnick, Assistant United
                                                     States Attorney, *for* William J. Hochul, Jr.,
                                                     United States Attorney for the Western
                                                     District of New York, Rochester, NY.


**FOR DEFENDANT-APPELLANT:**                          Devin McLaughlin, Langrock Sperry &
                                                     Wool, LLP, Middlebury, VT.


Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is **REMANDED** to the District Court for further proceedings consistent with this order.

Defendant-appellant Dawn A. White appeals the District Court's amended judgment of January 16, 2015 imposing a prison sentence of time served, restitution, and a three-year term of supervised release. For the reasons that follow, we remand to the District Court for further proceedings consistent with this order.

In March 2013, White was convicted of one count of conspiring to file a false claim against the United States, in violation of 18 U.S.C. § 286, and three counts of making or presenting a false or fraudulent claim, in violation of 18 U.S.C. § 287. She was sentenced to thirty-three months' imprisonment, restitution, and a three-year supervised-release term. *See* App. 13; *United States v. White*, 571 F. App'x 20, 22-23 (2d Cir. 2014) (summary order).

White appealed her conviction and sentence. *White*, 571 F. App'x at 22-23. We affirmed the conviction but remanded for resentencing on the ground that the District Court had failed to make the factual findings necessary for application of an enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i); we instructed the Court to either make the requisite findings or sentence White without regard to the enhancement. *Id.* at 26. At resentencing, White—emphasizing, among other factors, her rehabilitation while incarcerated—sought a sentence of time served and a shortened term of supervised release. The District Court (after deeming the enhancement inapplicable) imposed the sentence described above, and White appealed.

We have observed that "a court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002) (internal quotation marks omitted). A district court is thus obliged at resentencing to take into account such material changes in circumstance as have arisen since the original proceeding. Acknowledging this principle, the parties agree that in fashioning a new sentence, the District Court was not at liberty to ignore evidence of White's post-sentencing rehabilitation. *See* Gov't Br. at 9; *see also Pepper v. United States*, 562 U.S. 476, 481 (2011); *Quintieri*, 306 F.3d at 1232. They also agree that

the Court formed a mistaken impression to the contrary. *See* Gov't Br. at 9; App. 67 ("I really don't think that in this case, Ms. White, . . . I am required to consider post sentencing rehabilitation . . . .").

Here White and the government part company. According to the government, "the district court, while believing it was not required to [do] so, did in fact consider post-sentencing rehabilitation" in imposing sentence. Gov't Br. at 9. According to White, the District Court "believed that the remand was limited to the single enhancement issue, and found that Ms. White's postsentencing rehabilitation did not change this limitation." Def.'s Br. at 13.

On our review of the record, we are unable to say with confidence whether the District Court did or did not consider evidence of post-sentencing rehabilitation. We think that the judge's remarks are susceptible of multiple interpretations. One of those interpretations—perhaps the most plausible one—is that he sentenced White without regard to her rehabilitation while in prison. This, then, is a case in which "the judge's sentencing remarks [have] create[d] ambiguity as to whether the judge correctly understood" the relevant law. *United States v. Preacely*, 628 F.3d 72, 80 (2d Cir. 2010) (internal quotation marks omitted); *see also United States v. Toohey*, 448 F.3d 542, 545 (2d Cir. 2006) ("[W]here the record indicates misunderstanding by a district court as to the statutory requirements and the sentencing range or ranges that are arguably applicable, or misperception about their relevance, we may conclude that the requisite consideration has not occurred."); *United States v. Montez-Gaviria*, 163 F.3d 697, 703 (2d Cir. 1998) ("When the record is ambiguous as to whether a district court has allowed a mistake of law to affect its sentencing decision, we have regularly remanded to allow the court to reconsider its decision in light of our correction of the mistake."). We therefore "deem it prudent to remand" for the limited purpose of permitting the District Court to consider whether White's post-sentencing rehabilitation warrants a reduction in her term of supervised release. *See United States v. Thorpe*, 191 F.3d 339, 342 (2d Cir. 1999) (alteration and internal quotation marks omitted).

In so holding, we pause to observe that the government's interpretation of the proceeding below is not by any means incredible; that is, it may be the case that the District Court considered White's evidence and simply found it wanting. The Court noted, for example, that White's efforts at rehabilitation (completing a number of programs while incarcerated) did not compare favorably to those of the defendant in *Pepper* (making extraordinary progress while out of custody). *See* App. 67. Such reasoning is consonant with the theory that the District Court properly discharged its obligations.

Other portions of the record, however, give us cause for doubt. In particular, we are unsure what to make of the remarks that followed the District Court's discussion of White's rehabilitation when viewed through the lens of the Supreme Court's teaching in *Pepper*:

> I don't know that post sentencing rehabilitation would really apply. But again, in the abundance of caution even if I did consider it I wouldn't find it was the

3

basis for going outside the parameters of the remand and that is to consider whether or not the enhancement which is now not in dispute, that it doesn't apply. I'll make a decision on that.

*Id.*

The statement, "I don't know that post sentencing rehabilitation would really apply" appears to indicate that the able district judge was not disposed to think that White's evidence was especially convincing (which favors the government), but it appears just as strongly to indicate that he did not in fact consider that evidence in imposing sentence (which favors White). It is, after all, both tentative ("I don't know . . . .") and conditional (". . . *would* really apply" (emphasis supplied)) in nature. It may most naturally be read to say that the District Court *probably* would not have been convinced by White's argument *if* the District Court were to take it into account—which suggests that the Court did not do so.

We are likewise uncertain about the District Court's next statement: "[E]ven if I did consider it I wouldn't find it was the basis for going outside the parameters of the remand." White interprets this remark to evince a misunderstanding that this Court's remand was limited to consideration of a single issue—the applicability *vel non* of the § 2B1.1(b)(11)(C)(i) enhancement—unless she made some threshold showing of an unusual degree of rehabilitation while incarcerated. We think that reading plausible. The District Court seems to have been saying that White's evidence of rehabilitation, even if taken into account, was insufficiently strong to justify opening the field of inquiry beyond consideration of the enhancement. But—as we have explained—evaluation of White's evidence was very much within the scope of the remand; White did not have some initial burden to show that it deserved to be considered.

The District Court's sentencing remarks are, we conclude, ambiguous. In saying, "I don't know that post sentencing rehabilitation would really apply," the judge might have meant to communicate that White's evidence of rehabilitation had been considered and rejected; similarly, "even if I did consider it I wouldn't find it was the basis for going outside the parameters of the remand" might have been intended to mean that the evidence, properly weighed, did not justify departing from the original supervised-release term. The District Court might simply have chosen its words poorly. But its words are all we have to go by; and, having considered them at length, we are substantially uncertain whether they reflect an accurate understanding of the law. Accordingly, we remand the cause for the limited purpose of permitting the District Court to consider whether White's post-sentencing rehabilitation warrants a reduction in her term of supervised release.

## CONCLUSION

For the foregoing reasons, the cause is **REMANDED** to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk